UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FARIDA B. RAHMAN,
    Plaintiff,

V.

RICHARD M. HUGHES III Jr.,
    Defendant.

CIVIL ACTION
NO: 3:23-CV-00487
COMPLAINT

TO: THE HONORABLE JUDGES OF THE UNITED
STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA.

ON NOTICE TO:
RICHARD M. HUGHES III J.
Luzerne County Courthouse
200 North River Street
Wilkes-Barre, PA. 18711.

**FILED**
**SCRANTON**

APR 11 2023

PER _____

DEPUTY CLERK

    PLEASE TAKE NOTICE that the Plaintiff Farida B. Rahman (herein Plaintiff) hereby files this action to the Federal Court in civil action for violation of the Plaintiff's rights Under 42 U.S. Code §1983 against Richard M. Hughes III J. (herein Defendant) with full reservation to seek justice.

    In support of her complaint the Plaintiff respectfully submit as follows:

    1. Cases are always fixed before this judge Richard M. Hughes III / Defendant. Official oppression was used by the Defendant in every case before him, see at Com. V. Checca, 341 Pa. Superior Ct. 480 (1985) 491 A.2d 1358, appeal denied. Action taken by judges which constitute mistreatment of others may be fairly said,

2.

"taking advantage" of the authority.

2. On August 19, 2019 Fred A. Pierantoni j. entered an order on the docket no: 2015-00410 illegally, and failed to serve the Plaintiff see at A.4.

3. On August 19, 2019, Plaintiff filed and served her Reply in opposition, to the petition filed by Fred Wright on July 29, 2019, see at A.2, and I served the Defendant/Hughes, see at A.3, because Defendant was assigned to this see at A.67, A.68, A.123.

At the hearing on October 21, 2019, the Plaintiff said,
"They had that case law Schultz, S-H- - S-C-H-U-L-T-Z,
veosus Erie Insurance Exchange, 477 A.2d 471
Pennsylvania 1984. Supreme Court upheld the rule because
if someone filed it, they cannot be discrimanated.
They will absolutely get the judgment in their favor,"
see at A.6, page #4, line #24 to page #5, line #4.

4. On November 14, 2019, Plaintiff filed and served her Motion, Brief in support her Motion to Strike off all orders from August 19, 2019 to the Present, see at A.36 to A.65, and served Pierantonij who failed to do his job due to the corruption and known deliberate indifference by him towards the Plaintiff.

5. On November 18, 2019, the Plaintiff was before Honorable Dave Lupas with all her papers filed and served on November 14, 2019, because Pierantonij recuse himself on November 14, 2019, after he was served papers see at A.36 to A.65. Honorable Lupas asked for and a Rule to show cause was issued on November 18, 2019, see at A.66, Rule Returnable and Argument to be held on December 30, 2019. The Plaintiff do not need to file nothing within ten (10) days, or within twenty (20) days.

At the hearing on March 02, 2020, I said:
Ms. Rahman:  And I provided the rule number
which on this specific list say everything

3.

should be strike off because of the fraud, deceit.
Pennsylvania Rule of civil Procedure 5505 says
very clearly it has to be strike off from this trial
court, not the appellate court. I did provided the
case laws and everything else, see at A.132 1st para.
I was before Judge Lupas. He also agreed. That's
why he granted the motion because I did provide
ample example. He take a look at everything. Then
he said that we going to give you the rule to show
cause why all judgment should not be taken off
from your record. See at A.132, 2nd para.

Honorable Lupas asked for and a Rule to show cause was
issued on November 18, 2019, see at A.66g Rule Returnable
and Argument to be held on December 30, 2019.

6. On December 20, 2019, Gartley J. enter an order to
rescheduled December 30, 2019 (A.66) hearing to January 3, 2020,
for the miscellaneous court list, see at A.66(a) which is
illegal, because this case was assigned to Defendant Hughes
see at A.67, A.68, A.123, A.1(B). Defendant is in violation
of my rights under 42 U.S. Code § 1983 to ignor my case
and let Gartley J. and Pierantoni J. to enter their illegal orders.

7. On January 06, 2020, Gartley J. enter her order and denied
Plaintiff's motion, see at A.36 to A.65 motion, her order at A.14-15.

8. The Plaintiff filed and served her Motion, Brief in Support
her motion, her motion to open and strike off all orders from August
19, 2019 to January 06, 2020 filed on January 15, 2020, see at A.69
to A.74. A Rule To Show Cause was issued on January 15,
2020, see at A.75. The Plaintiff wrote,
    "Gartley J. was not honest when she wrote that this court
    lacks jurisdiction to overturn or rescind orders. 42 Pa.
    C.S.A. § 5505 said trial court may open or vacate its
    order after 30-day period for vacating final orders has

4.

expired, see First Union Mortg. Corp. v. Frempong,
744 A.2d 327, Super 1999", see at A.70.
"There has been evidence showing, suggestion of fraud
or a breakdown in the courts operations, as a result on
November 18, 2019 after the Plaintiff filed and served her
Motion, Brief in Support before Honorable Dave Lupas f and
a "Rule To Show Cause" was issued", see at A.71. Rule A.66.

9. On January 24, 2020, the Plaintiff filed and served her motion,
Brief in Support, see at A.76 to A.78. A "Rule To Show Cause" was
issued on January 24, 2020, rule returnable and argument to be
held on April 6, 2020, see at A.120. April 6, 2020, hearing was
rescheduled to Monday June 1, 2020, see at A.121. Due to the
corruption and known deliberate indifference by the Defendant
towards the Plaintiff, no order was issued to disclose his recusal
on the record immediately for Pierantoni j, but Pierantoni wrote his
letter of recusal on December 11, 2019, which was filed after ten
(10) months on October 8, 2020, on the docket no. MD-1422-2019
to cover up the corruption, see at A.17.

10. One illegal order was entered in favor of Fred Wright on
the docket no: 2015-00410 on December 19, 2019. No ten (10)
day notice was filed with the court, no certificate of service
was filed either to get that illegal judgment on December 19,
2019. The Plaintiff filed and served her Motion, Brief in Support,
within ten (10) days on December 27, 2019, to strike off judgment
by Prothonotary, see at A.31 to A.32. On December 31, 2019 a "Rule To Show Cause"
was issued, Rule Returnable and Argument to be held on March
2, 2020, see at A.33. Proof of mailing PS form 3817, see at
A.35, date of mailing on December 31, 2019, which was filed
with Court on January 3, 2020, see at A.34. Plaintiff filed
and served her Reply in opposition to the response filed on January
21, 2020 by Fred Wright, see at A.81(a), A.81(b), A.81(c), and
see her Brief in support at A.79, A.80, A.81. Defendant never

5.

held any hearing ever in this case, see letters at A.123.  A.67, A.68

11. The Plaintiff asked for the hearing date again because the June 1, 2020 hearing was cancelled.

One hearing was rescheduled, Rule To Show Cause was served to the Defendant on September 06, 2020, but the Defendant sent another letter to Judge dated September 14, 2020, and the Judge cancelled the hearing. No hearing was held at all for which the Plaintiff asked to vacate the illegal judgment dated December 19, 2019. see the letter at A.124. None of these letters were filed with a certificate of service with the docket ever.

12. One hearing was held on March 02, 2020, see attached as A.125 to A.135 (a). At the hearing the Court:

The Court: It's a harmless error because nothing happened, You stopped it, see at A.128(a) end lines.

Ms. Rahman: Your Honor, it was not filed, see at A.128(a) line #3.

The Court: I'm agreeing with you. I do not see this of record, see at A.128(a), line #5, 6.

Ms. Rahman: Because it was not filed, see at A.128(a) line #7.

The Court: So do you have a time stamped copy of it, sir? see at A.128(a) line #11, 12.

Ms. Rahman: He does not, see at A.128(a) line #13.

Ms. Rahman: Your Honor, it has to be time stamped copy. I did explain to the court, it was not filed. No time stamped copy, see at A.129, line 8-10.

Ms. Rahman: He have to provide the docket entry that it was filed or a time stamp copy. I did provide that one and no certificate of service was filed either. I did explain to them, Prothonotary. Then they say, well, we made a

6.

mistake. You go before judge. So I did. I mean,
I didn't have to do all this work, but I'm just
going through every time here filing more paper,
see at A.129, line # 12-20.

Ms. Rahman: Your Honor, in this one the
praecipe which is judgment for non
pros, that have to be removed, see at A.131, line 11-13.

Ms. Rahman: Praecipe to strike off judgment
for non pros, I did file that one and served, see
at A.131 last two (2) lines.

Ms. Rahman: Judgment have to be stricken off
because this is illegal what he did, see at A.134 line 4-5.

Ms. Rahman: All orders including this one. He
got a non pros judgment in December after he
served this one to me which is never of file or
a certificate of service was filed. This is
only paper he sent it to me. Then he said,
well, I file this one. He says many thing but
none of them are true. He has been lying
between teeth since I was small, see at A.134(a)
line #2 to 9.

The Court:
        That for next list, see at A.131(a) line #1
The Court: all orders in this case from August 19 to
January 6, 2022, should be open and strike off
and requesting Court en banc, see at A.131(a)
Ms. Rahman:                line # 3 to 6.
One will be on April 6. The order which
only include non pros - see at A.131(a) line 9-10.
The Court: This ways open strike, see at
          A.131(a) line # 11.

Ms. Rahman: They issue on judgment for
this one, that should be strike off, see at A.131(a) line 12,13.

7.

13. The Court: I don't know when your other
    - - - - that's all I have listed for today,
    see at A.131(a) line # 7, 8.
    The Court: I only have three of record today,
    and that's what they have listed, see at
    A.131, line # 14, 15,
    Ms. Rahman: Your Honor, I did file that one,
    see at A.131, line # 16.
    The Court: I have three motions that are
    here, see at A.131, line # 17, 18.
    The Court: No. This is January 15. They
    gave me this one for March 2. This is the
    one - - - see at A.131, line # 21, 22.
    Ms. Rahman: One will be on April 6. The
    order which only include non pros - - - -
    see at A.131(a) line # 9, 10.

    The transcript shows the non pros hearing will be
on April 6, 2020. But April 6, 2020, was rescheduled
see at A.121, it said,

14. "Please be advised that above-captioned
    matter has been rescheduled from April
    6, 2020, to Monday June 1, 2020 @
    9:30 am." See at A120 hearing for April 6, 2020,
But after the Defendant received the letter from Fred
Wright dated May 19, 2020, the hearing never rescheduled
by Defendant. Another hearing was scheduled but Fred
Wright wrote a letter to Hughes j dated September 14, 2020,
and that hearing was cancelled by Hughes j, see letter
dated September 14, 2020, at A.124.

15. Due to the corruption and known deliberate
indifference by the judge towards the Plaintiff, the
Defendant choose to hide the truth from the hearing on

8.

March 02, 2020. The Plaintiff filed and served her Motion on December 27, 2019, see at A.18 to A.32, to Strike Off Judgment By Prothonotary dated December 19, 2019. The Plaintiff attached the docket entry, see at A.24 to A.27, which shows no ten (10) day Notice was filed, no certificate of service was filed either, to get the judgment of non pros. The judgment should be Strike off at the hearing on March 2, 2020 but the Defendant, hide the truth and choose not to Strike off the judgment but the Defendant, entered an order on June 26, 2020, see at A.138. The Defendant, denied the motion to Strike off Judgment by Prothonotary, oral argument held on March 2, 2020. The Defendant, hide the truth at the hearing on March 2, 2020 due to the corruption and known deliberate indifference by the judge towards the Plaintiff.

16. The Plaintiff was forced to order the transcript on December 9, 2022, see at A.125 to A.135(a), and the Plaintiff paid $63.00 to Court reporter Nicole Marulo, see at A.136 to show the proof that the Defendants choose not to obey the law, failed to Strike off the illegal judgment dated December 19, 2019, August 19, 2019.

17. See at A.139, it said,

> "Based upon the ruling in this matter, by judge Hughes, the matter pending before this Court is Moot." This is a lie.

18. The Defendants lied in every order/opinion by her/him on every docket. See at A.141 Hughes, wrote;

> AND NOW, this 16th day of March 2020, it is hereby ORDERED and DECREED that the Motion by the Plaintiff to Impose Sanctions to the Defendant for violations Received Threat via Mail (Filed on December 6, 2019) is Denied. It does not said no where the matter pending

9.

before this Court is mott. See at A.18 to A.32, filed by the Plaintiff on December 27, 2019, Motion clearly said, "Strike Off Judgment By the Prothonotary. Defendant ignored the most important part of My Motion which I filed within ten (10) days.

19. The Court So now let's move to the next motion, which is your motion by Plaintiff to strike off judgment by prothonotary and impose sanctions. You're saying that you filed a motion and a rule to show cause, and that you did file that, see at A.129 last para. After the Judge, Defendant Chorpey said her words above she ignored the most important part of my motion due to the corruption and known deliberate indifference by the Judges towards the Plaintiff. She failed to obey the law.

20. Order dated June 26, 2020, see at A.142-A.145 based on fraud, see the transcript dated October 21, 2019, at A.5 to A.13. Fred Wright failed to file his answer within twenty (20) days and on July 18, 2019 default judgment was entered against Fred Wright is proper according to the law. Plaintiff said on the record see at A.6. Our Supreme Court upheld the rule. The default judgment must be upheld against Fred Wright. Order must be vacated dated August 19, 2019, hearings held on 3-2-2020, 10-21-19.

21. As a general rule, fraudulent concealment of a cause of action will toll the Statute of Limitations until the cause of action is discovered by the Plaintiff or might have been discovered by the exercise of reasonable dilidence. In order for the statute of limitations to be tolled on grounds of fraud, the Defendant must have committed an affirmative independent act of concealment that prevented the Plaintiff from learning

10.

of the cause of action. Mere silence on the Part of the Defendants is generally not sufficient to toll the statute. Pierantoni j, Gartley j, thughes j, all orders are based on fraud and must be vacated. Judgment against Fred Wright must be upheld dated July 18, 2019, judgment dated December 19, 2019 must be Vacated, on the docket no: 2015-00410.

22. Two motions filed dated 12-27-2019. see at A.18 to A.32, Rule Returnable on 3-2-2020, and motion filed dated 1-15-2020, see at A.69 to A.74, Rule Returnable on 3-2-2020, see at A.75.

23. Defendant was assigned to this case see at A.67, A.68, A.123, according to Order on A.1(B), Defendant ignored the order, and never held any hearing on the docket no: 2015-00410. Plaintiff filed her own hearing dates, filed her Motion but the Defendant denied all her Motions, as upto February 2023, due to the corruption and Known deliberate indifference by the Defendant towards the Plaintiff. Gartley j enter her Orders on June 26, 2020, after three (3) months 24 days, that she conducted oral argument on March 2, 2020, Motion by the Plaintiff strike off Judgment by Prothonotary is denied, see at A.138. Gartley denied her Motion to vacate illegal Order dated August 19, 2019; see order at A.4, both Rule Returnable held on 3-2-2020. The Plaintiff do not need to file anything within (10) ten days see her Motion at A.36-A.65, also see at A.79 to A.81, and at A.81(a), A.81(b), A.81(c). Fred Wright filed his paper late on July 22, 2019, see at A.26, A.56, and also on A.67, It said,

24. "You are hereby notified that the Preliminary Objection
(filed on 7/22/19) in this above-captioned matter has
been assigned to Judge Richard M. Hughes III." see at A.67.

25. Case Law at A.6. Schultz versus Erie Insurance Exchange, 477 A.2d 471, Pennsylvania 1984 must be upheld against Fred Wright. All illegal orders should be vacated by three (3) Judges. Statute of limitation will not end due to concealment.

26. On November 16, 2022, the Plaintiff was forced to request the transcript for the hearing dated March 2, 2020, see at A.82, A.83, and Paid Court reporter Nicole Marullo $63.00 see at A.136. The transcript shows how Gartley j conceal the truth, see at A.125 to A.135(a).

27. The Plaintiff filed and served her Motion for a hearing on January 10, 2023, see at A.84 to A.87, but Defendant will not give her a hearing, and entered illegal order with lies.

28. The Defendant was served a Writ of Summons on February 21, 2023, with the hope that the Defendant will stop his illegal orders with lies.

29. The Plaintiff filed and served her Motion for a hearing on February 21, 2023 (file date) see at A.88, A.89, hearing will be held on April 11, 2023 on or about 9:00 AM, but the Defendant will not give her a hearing, and entered semi illegal order with lies on February 22, 2023 see at A.90, A.91. I supply all the evidence with my complaint to proof the Court that the Defendant lied on his order which was the means since 2020. Defendant and Gartley j. conceall all truth and entered their illegal orders due to the corruption and known deliberate indifference towards the Plaintiff by those Defendant(s). At the hearing I said,

30. Ms. Rahman's Praecipe to strike off judgment for non pros, I did file that one and served, see at A.131 last para.

31. The Court's That's for the next list, see at A.131(a) 1st Lin, and this is 100% lie. See my motion at A.18 to A.32. Rule to Show Court was issued and filed on December 31, 2019, Rule Returnable and Argument to be held on 3-2-20 at 9:30 AM, see at A.33. Gartley lied at the hearing. Defendant lied on all of his orders since 2020. The Defendant is in serious violation of my rights Under 42 U.S. Code §1983 due to the corruption and Known deliberate indifference towards the Plaintiff.

12.

32. The Defendant entered his Orders on five (5) cases for hearing in three days in a same week, on February (order entered), hearings to be held on March 21, 22, and 23 of 2023, but all motions were not filed one after another requesting anything. Hearings must be scheduled as they were filed and he entered his orders denied my motion see at A.114, A.115. The Defendant did this due to known corruption and known deliberate indifference by the Defendant towards the Plaintiff. The Defendant failed to do his job on the docket no. 2015-00410, due to the fact Fred Wright took my money for false pretenses and put my house on public auction on 12-4-2015, see at A.92.

33. The Defendant lie on his orders and on his opinion to help friend/relatives, see attached as A.94 to A.100, The Defendant refused to see the evidence see at A.110.

        Medical Note, dated January 2, 2018.
Note by the Staff Psychiatrist Nilesh Baxi MD, he wrote,
    "She is not delusional at the present time
    and she was not delusional before also
    when a 302 was initiated" see at A.110.
Also see at A.107#B, it said,

    "The patient is not in need of emergency
    involuntary treatment. He shall be returned
    to a place which he shall reasonably designate." It
was sign by the MD Nilesh Baxi.

34. The Police officer and the ambulance Co. filed that false Petition Act of 1976, section 302, to harm the Plaintiff and the Defendant ignored the Copy I filed and served with my Reconsideration on the docket no. 03311-2017, but my Reconsideration was denied, so that his friend/relative get the judgment in their favor. The Defendant said

nothing about the 302, see at A.101 to A 109, which I
filed and served after I received a copy, but the Defendant wrote,

35. "First, the attorney may have referred to the
suit filed against Defendant, in which the
Plaintiff opened the door to her own publicity" see at
A.100, line #3 to #5. The Defendant lied, see the letter
from the attorney dated January 20, 2017, he wrote,

36. "I have been made aware through a review of
public court records - - - - - - Ambulance", see
at A.111, 1st para. The Ambulance Co. filed a complaint
against me to collect the money that they took me to the treatment
which I refused. Then I received the letter dated January 20,
2017 and I filed a counter-claim against the Ambulance
Co. The Defendant lied to help his friend/relative. Then the
Defendant wrote,

37. "On second assuming the attorney refers to an
action not otherwise referenced in the present
case's pleadings", see at A.100, line #5.6. the
lied again, because I filed the Complaint filed by the ambulance
Co, and my counter-claim with the Reconsideration, he
could check the date when the ambulance Co filed against me and
the docket no: on it, but the Defendant choose not to do his
job, due to the corruption and known deliberate indifference
by the Defendant towards the Plaintiff.

38. The Defendant lied again, he wrote
"Plaintiff did not submit an Appellant's Brief
in Support of Appeal" see at A.917, 3rd para.
No one require to submit an Appellant's Brief in
Support of Appeal, when A Statement Errors with anyone
need to file with Court Pa. R.A.P. 1925(b)(11), after filed
a notice of appeal.

39. The Defendant wrote #1. on page A.96, The Court abuse

14.

it's discretion - - - - - - amend the Complaint, see at A96.
On the docket no: 2015-00410, the Defendant ordered on
June 23, 2015, Plaintiff was ordered to amend the complaint
within thirty (30) days. The Plaintiff did not request the
Court if she can amend her complaint again see at A112-A113.
If the Defendant refused to see the evidence see at A.108 to
A.109 the ambulance co. lied all over, he should let me
amend the complaint see at A.112-A113, and I will be
allowed to enter the 302, A101 to A109 to the complaint, he
lied due to the corruption and known deliberate indifference
by the Defendant towards the Plaintiff. The ambulance Co.
violated my rights, utterly ruined my life filing false,
fictitious reports about me on Act 302, and forced
me into the ambulance, which is wrong see at A 110.
The Defendant violated my rights Under 42 U.S. Code §1983,
for every case before him and he should be punish, I
seek justice.

WHEREFORE, for the reasons stated above the Plaintiff
respectfully requests that this Honorable Court will enter a
judgment in her favor for her damages, pain, suffering,
and any other relief this Court may deem just and proper.

Dated: April 10, 2023

Respectfully Submitted,

Farida B. Rahman
FARIDA B. RAHMAN
53 Prescott Road
White Haven, PA. 18661

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FARIDA B. RAHMAN,
Plaintiff,

V.

RICHARD M. HUGHES III J.,
Defendant.

CIVIL ACTION
NO: 3:23-CV-00487

CERTIFICATE OF SERVICE

I, Farida B. Rahman, do hereby certify that on this day I served a true copy of this foregoing Notice, Complaint in person as follows:

Richard M. Hughes III, j.
Luzerne County Courthouse
200 N. River Street
Wilkes-Barre, PA. 18711

Dated: April 11, 2023.

Respectfully Submitted,

Farida B. Rahman
FARIDA B. RAHMAN
53 Prescott Road
White Haven, PA. 18661
570-233-1520.

PROTHONOTARY LUZERNE COUNTY
FILED AUG 19 '19 PM 1:11

FARIDA B. RAHMAN,
    Plaintiff,

      V.

FRED WRIGHT,
      Defendant.

IN THE COURT OF COMMON PLEAS
    OF LUZERNE COUNTY

CIVIL ACTION — LAW

NO.  2015 - 00 410

PLAINTIFF'S REPLY IN OPPOSITION, TO
THE PETITION FILED BY THE DEFENDANT
ON JULY 29, 2019.

AND NOW, comes the Plaintiff, Farida B. Rahman, and respectfully requests this Honorable Court to dismissed the petition filed by the Defendant on July 29, 2019, as follows:

The Defendant failed to file an Answer to her Amended Complaint within twenty (20) days, see attached as exhibit "1".

The default judgment entered against the Defendant on July 18, 2019, is correct, and this Court do not need to do nothing.

Due to the Breach of Contract by the Defendant, the Plaintiff suffered more than $3,000.00 dollars which he was paid for his bad work, her house was scheduled to be sold at public auction, see attached as exhibit "2".

The Defendant did nothing, but asked for more work again on November 8, 2018, see attached as exhibit "3". The Defendant might be forced to pay more than the judgment entered on July 18, 2019.

WHEREFORE, the Plaintiff, Farida B. Rahman, respectfully requests this Honorable Court to dismissed the petition filed by the Defendant.

Respectfully Submitted,
Farida B. Rahman
53 Prescott Rd.
White Haven, PA 18661

Dated: August 15, 2019

Exhibit "A.1"
(A.8)

(A.13)

A.2

IN THE COURT OF COMMON PLEAS OF LUZERNE COUNTY
11TH JUDICIAL DISTRICT OF PENNSYLVANIA

PROTHONOTARY LUZERNE COUNTY
FILED JUL 6 '21 PM 2:10

IN RE:                                          :
   CIVIL MOTIONS PRACTICE                        :
                                  :     NO: 00003 of 2021

## ADMINISTRATIVE ORDER

A. Except as noted below, effective January 1, 2022, all civil motions, which under the existing protocol for Motions Practice in Luzerne County would be presented during Motions Hours, shall be filed electronically with the Clerk of Judicial Services and Records (Prothonotary) and emailed to civilmotions@luzernecounty.org. Any such Motion filed with the Clerk of Judicial Services and Records (Prothonotary) but not emailed to civilmotions@luzernecounty.org will not be considered.

B. Motions in a case that has been previously assigned to a judge need not follow the protocol described in Paragraph A above, but shall, however, meet the requirements of the Luzerne County Rules of Civil Procedure and shall also follow the Motions' practice of that judge.

C. This protocol shall not apply to Applications for a Special Injunction as well as Motions involving Mental Health and In forma Pauperis (IFP) matters which may be presented to the Motions Judge or, if unavailable, to one of the other judges.

D. Where applicable, any Motion shall state whether the Motion is stipulated to, consented to, or opposed. Also, all existing Notice requirements shall remain in effect, namely: each Motion shall include a Certificate of Service, Certificate of Concurrence/Non Concurrence, and, shall list email addresses and phone numbers for all counsel and parties.

E. In-person Motions Hours will be held Tuesdays and Thursdays, 9:00 a.m. – 9:30 a.m. during which Service issues under Pa. R.C.P. 430 shall be presented. — *alternative service*

BY THE COURT:

_Michael T. Vough_
MICHAEL T. VOUGH,                                          P.J.

A. 1

PROTHONOTARY LUZERNE COUNTY
FILED AUG 19 '19 PM1:

FARIDA B. RAHMAN,
        Plaintiff,

    V.

FRED WRIGHT,
        Defendant.

IN THE COURT OF COMMON PLEAS
OF LUZERNE COUNTY

CIVIL ACTION – LAW

NO. 2015 -00410

## CERTIFICATE OF SERVICE

I, Farida B. Rahman, do hereby certify that on this day I served a true copy of this foregoing Plaintiff's Reply In Opposition, via U.S. First Class mail postage prepaid as follows:

Honorable Richard M. Hughes, III, P.J.
Penn Place Building, Suite 307
20 North Pennsylvania Avenue
Wilkes-Barre, PA. 18771 -1001

Frederick W. Wright
Wright Appellate Services, LLC.
1015 Chestnut Street, Suite 517
Philadelphia, PA. 19107.

Dated: August 19, 2019.

Respectfully Submitted,

Farida B. Rahman
FARIDA B. RAHMAN
53 Prescott Road
White Haven, PA. 18661
570-497-0298

A. 3.    (A. 35.)

(A. 9.)



## IN THE COURT OF COMMON PLEAS
### LUZERNE COUNTY, PENNSYLVANIA

FARIDA B. RAHMAN
                Plaintiff,

v.

FRED WRIGHT
                Defendant.

CIVIL ACTION - LAW

No. 2015 - 410

PROTHONOTARY LUZERNE COUNTY
FILED AUG 19 '19 AM 11:12

### ORDER

AND NOW, this 19 day of August , 2019, upon consideration of Defendant, Frederick W. Wright's, Petition to Open/Strike Default Judgment, and any response thereto, it is hereby **ORDERED** that the Judgment taken by Default against Defendant on July 18, 2019 is hereby **STRICKEN** from the record. It is further **ORDERED** that Defendant's Preliminary Objections to Plaintiff's Fourth Amended Complaint are accepted into the record. It is further **ORDERED** that Plaintiff must file a response to Defendant's Preliminary Objections within twenty (20) days of the docketing of this Order.

In the alternative, it is **ORDERED** that the Judgment taken by Default against Defendant on July 18, 2019 is **OPENED** and **VACATED**. It is further **ORDERED** that Defendant's Preliminary Objections to Plaintiff's Fourth Amended Complaint are accepted into the record. It is further **ORDERED** that Plaintiff must file a response to Defendant's Preliminary Objections within twenty (20) days of the docketing of this Order.

(A.40)

(Exhibit "A-5")

BY THE COURT:

J.

JUDGE FRED A. PIERANTONI

A.4.

| | |
|---|---|
| FARIDA B. RAHMAN, | COURT OF COMMON PLEAS |
| Plaintiff | LUZERNE COUNTY, PENNSYLVANIA |
| vs. | CIVIL ACTION - LAW |
| FRED WRIGHT, | |
| Defendant | No. 410 of 2015 |

## TRANSCRIPT OF PROCEEDINGS
## ORAL ARGUMENT

BEFORE:

THE HONORABLE FRED A. PIERANTONI
Luzerne County Courthouse
Wilkes-Barre, Pennsylvania 18711
Courtroom No. 1

Monday, October 21, 2019

APPEARANCES:

On behalf of
the Plaintiff:          Farida B. Rahman, pro se

(A. 10.)          A. 5

COPY

## PROCEEDINGS

(Whereupon, all interested parties were duly sworn.)

THE COURT: Good morning. We're here on our next case which is Farida B. Rahman versus Fred Wright. Ms. Rahman is on our list today. This is Case No. 9.

Ms. Rahman, you're bringing a motion to open or strike a judgment of the Court; correct?

MS. RAHMAN: Yes, Your Honor.

THE COURT: All right. Mr. Wright is not here? Ms. Rahman, Mr. Wright is not here?

MS. RAHMAN: Huh?

THE COURT: Is Mr. Wright here? Have you seen him?

MS. RAHMAN: I don't see anyone.

THE COURT: Have you seen him today?

MS. RAHMAN: No. Actually, which one is Mr. Wright -- there's two people. One did show up at hearing January 4th; and at Magisterial District Judge over there in hearing, another person show up. Exactly which one Mr. Wright, I don't know. They both say they are Mr. Wright. There are two people say they're him. They're different people. I don't know which one supposed to be Mr. Wright.

Nobody showed up.

THE COURT: Did you serve Mr. Wright with notice to come here today?

MS. RAHMAN: Yes, yes, yes, yes.

THE COURT: All right. You are here on a motion requesting that I open or strike judgments which were previously entered, and the judgments entered were August 19, 2019, September 17, 2019, and September 27, 2019. In essence, I will treat your motion to open or strike my judgments as a request to vacate my Order, to vacate my Order.

MS. RAHMAN: Yes, Your Honor.

Because the judgment was entered against the defendant on July the 18th is proper because according to the law, the defendant must have to file his answer within 20 days.

Service of this notice was timestamped June the 27th at 11:00 a.m., and I also provided a copy to your office and the Court Administration and the Prothonotary's Office. The entire paper I filed and served. It was timestamped June the 27th at 11:00 a.m. also according to the docket entry. It was filed on the same day, the timestamp, June the 27th.

According to the notice and complaint I filed,

he never answer within 20 days. According to the Pennsylvania Rule of Civil Procedure 1026, he must have to reply within 20 days. He failed to do that. He filed his answer, according to the docket entry, 7/22/2019 which is more than 20 days.

But you said in your Order I filed it late. I filed it in July which is not correct. I filed it on June 27th, and you said -- and you said that he filed it on time which is not correct at all. He said he filed it on July 18th which is not correct because according to docket entry, he filed on July 22, 2019.

There is a difference between regular Rules of Civil Procedure and Rules of Pennsylvania Appellate Procedure. Appellate Procedure allow you three additional days for receiving the mail; but according to the Civil Procedure, it does not allow the defendant to add three more days. The service is -- by mailing is according to the date it was filed and served, not when he received it by. According to the Rule, he filed it late; and if he filed it late, the Supreme Court dates say that when a person file late, that counts as a late.

They had that case law Schultz, S-H -- S-C-H-U-L-T-Z, versus Erie Insurance Exchange, 477

A.2d 471 Pennsylvania 1984. Supreme Court upheld the rule because if someone filed it, they cannot be discriminated. They will absolutely get the judgment in their favor.

THE COURT: And then you took a default judgment; correct?

MR. RAHMAN: Yes, Your Honor.

THE COURT: And what date did you take it on? June 18th?

MS. RAHMAN: June 18th. He filed it late according to the docket entry, and he try to figure out how to deceive the Court.

He said that, Well, I intended to file and I send it in July 18th. It doesn't matter what he was intending to do or when he mailed. When you apply Pennsylvania Rule of Appellate Procedure, not Pennsylvania Rule of Civil Procedure --

Pennsylvania Rule of Civil Procedure when you filed it, not when you intended to file or when you put it in the mail. It doesn't work that way. There is two different rules of law that apply over here.

That man is a very -- he know that something going to happen and he going to enter judgment in his favor again. It doesn't work that way. He might be a white man. He might be -- whatever

(A.11)          A.6

**6**

1  service he does. That doesn't mean the Appellate
2  Rule of Procedure in this Court -- this Court --
3  according to the Rule, we only have to apply
4  Pennsylvania Rule of Civil Procedure. According to
5  the Pennsylvania Rule of Civil Procedure, he did
6  file late. 20 days is 20 days. Not when --
7       THE COURT: What day would have been the 20th
8  day by your calculation?
9       MS. RAHMAN: 18th.
10      THE COURT: 18th of July.
11      MS. RAHMAN: 18th of July.
12      Actually, I was here and the Prothonotary's
13  Office said we're going to give him one more day to
14  see if he file. I said, Okay. I will be back then
15  on the 18th. By the 18th, he did not file; so when
16  he filed on the 22nd, it was way too late.
17      THE COURT: What date was he served with your
18  complaint? Was he --
19      MS. RAHMAN: He was served, according to the
20  rules of law, the 27th.
21      THE COURT: Was he served on July 1st?
22      MS. RAHMAN: No, no, no. He said he --
23      THE COURT: Wait. We can't talk over each
24  other for the stenographer.
25      MS. RAHMAN: Okay, okay.

**7**

1       THE COURT: I just want to get to what is
2  factually correct.
3       You filed your amended complaint on June 27th.
4  You filed it that day.
5       MS. RAHMAN: Yes.
6       THE COURT: How did you serve it on him?
7       MS. RAHMAN: I filed on the same day from
8  Wilkes -- the Post Office -- Main Post Office.
9       THE COURT: You mailed it?
10      MS. RAHMAN: I mailed it. When it was mailed
11  and when it was timestamped the same day, that
12  would be the day he was served. From that day, he
13  has to count 20 days.
14      THE COURT: Your contention is he was served
15  the day you mailed it out, not the day he received
16  it.
17      MS. RAHMAN: No. According to the Pennsylvania
18  Rule of Civil Procedure, 20 days from date he is
19  served.
20      THE COURT: From the date he is served --
21      MS. RAHMAN: He is served when I put it in the
22  mail.
23      THE COURT: But the day he was served he
24  indicated was July 1st.
25      MS. RAHMAN: That he says. That he says. No.

**8**

1       THE COURT: Do you have any proof of when he
2  was served?
3       MS. RAHMAN: Your Honor, I did mail -- every
4  paper is right over there. Notice was filed. As
5  soon as I filed, I go to the Post Office over here.
6  You can ask anybody. I don't lie. I always go
7  from here to the Post Office --
8       THE COURT: Ms. Rahman, all I'm trying to do is
9  just get some factual information for the record.
10      MS. RAHMAN: No, no. I --
11      THE COURT: Because I think there's an initial
12  dispute where you believe that the date you filed
13  your complaint, which was June 27th, is also the
14  date he was served on.
15      MS. RAHMAN: Right.
16      THE COURT: But you're indicating to me when
17  you filed it on June 27th, you then took the
18  paperwork to the Post Office to have it mailed.
19      MS. RAHMAN: On the same day.
20      THE COURT: And Mr. Wright's contention is that
21  he did not receive the mail until the 1st of July,
22  and then he further contended that he filed
23  preliminary objections, which I understand are
24  pending before Judge Hughes; is that correct?
25      MS. RAHMAN: Yes.

**9**

1       THE COURT: And those preliminary objections he
2  indicated he mailed into the Court on July 18th,
3  and they were received and filed on July -- let me
4  see. I think it was July 22nd.
5       MS. RAHMAN: Yes.
6       THE COURT: So are you alleging then that his
7  preliminary objections were filed late?
8       MS. RAHMAN: Yes.
9       THE COURT: By how many days?
10      MS. RAHMAN: By four days at least.
11      THE COURT: Okay. Now, if they should have
12  been filed by --
13      MS. RAHMAN: 18th --
14      THE COURT: -- 18th of July --
15      MS. RAHMAN: -- or 17th. So when I was here o
16  the 17th, Prothonotary Office say, We will give him
17  one more day. Come back tomorrow. If he doesn't
18  file, then we will enter the judgement. I come
19  back on the 18th, and he still didn't file.
20      THE COURT: So he was served on July 1st.
21      MS. RAHMAN: No, no. He was not. July --
22      THE COURT: See, that's the issue of
23  contention. His contention from the record is he
24  was served on July 1st. You're of the opinion
25      MS. RAHMAN: Because --

(A.12.)        A.77.

10

```
 1        THE COURT:  -- that once you filed the
 2   complaint on June 27th, the filing of your
 3   complaint was service on him.
 4        MS. RAHMAN:  The same day.
 5        THE COURT:  Okay.
 6        MS. RAHMAN:  He is trying to twist that whole
 7   thing because he think people are maybe stupid and
 8   he's too smart.  He's say that he's putting in with
 9   the rule in the Pennsylvania Rule of Civil
10   Procedure and Pennsylvania Rule of Appellate
11   Procedure.
12        In Pennsylvania Rule of Appellate Procedure,
13   that defendant can get another three days for
14   additional -- receiving mailing; but in
15   Pennsylvania Rule of Civil Procedure, he does not
16   get no additional three days or no days at all for
17   when he receive the mail.  It doesn't go by when
18   they receive the mail.  It allow you to take into
19   account two days after serving and filing the
20   complaint which was June the 22 -- 27, 2019.
21        THE COURT:  Did you serve him by regular mail
22   or certified?
23        MS. RAHMAN:  All I have to serve is regular
24   mail.  That's the rule.
25        If something like, you know, for Sheriff's
```

11

```
 1   Department or there is something else by subpoena,
 2   that have to be certified mail by sheriff; but in
 3   this instance, I am allowed to serve only regular
 4   mail.  That's the common rule.
 5        THE COURT:  You received a copy of his petition
 6   to open or strike the default judgment which he
 7   filed on the 29th.
 8        MS. RAHMAN:  That was filed on the 29th.
 9        THE COURT:  On July 29th --
10        MR. RAHMAN:  It was filed on July 29th but --
11        THE COURT:  -- along with a certificate of
12   service that he notified you he was filing it and
13   presenting it to the Court.
14        MS. RAHMAN:  It doesn't matter when he send
15   that one with the thing.  It was filed on the 29th.
16   Before that, it was entered already because he file
17   late.
18        According to Supreme Court upholding the rule
19   in Schultz versus Erie Insurance Exchange, 477 A.2d
20   471 Pennsylvania 1984, when a person file late,
21   that count as a late.  Before judgment against
22   them, it is proper and should be upheld.  This
23   is -- according to this --
24        THE COURT:  You were aware that he was seeking
25   a Court Order to open or strike default judgment;
```

13 (top-right)

```
 1   but you disagreed with him because of your belief
 2   that you served him on the 22nd of June; am I
 3   correct?
 4        MS. RAHMAN:  Yes, Your Honor.  I am saying that
 5   he tried to twist the situation what happened.
 6        He said, I intended to file on the July 18th.
 7   He said he intended to file and when he file is two
 8   different story.  Intended to file and when I put
 9   it in the mail only allow in Pennsylvania Rule of
10   Appellate Procedure.  In Pennsylvania Rule of Civil
11   Procedure, it's exactly when you file and not when
12   you intended to file or when you put it in the
13   mail.  That's late.  It's late.
14        THE COURT:  But you knew that he was presenting
15   the petition to open or strike the default judgment
16   on August 19th, but you disagreed with his
17   calculation.
18        MS. RAHMAN:  Yes, Your Honor; and I filed it --
19   and I filed an opposition.  It was timestamped on
20   July -- the 19th, and I did serve Judge Hughes
21   because he was the person who was handling the case
22   from 2019.  I didn't know that you entered judgment
23   already.
24        On the same day in the morning, I was in the
25   court.  I filed it with the Prothonotary's Office,
```

13

```
 1   and I served a copy to Judge Hughes, but I didn't
 2   know nothing about that Court Order which one was
 3   entered.
 4        When I found out, I filed a petition and
 5   emergency motion; and I thought I have to go in for
 6   an emergency motion which was to Judge Burke.  When
 7   I went there, his secretary -- not secretary, law
 8   clerk.  He said, Where is that Order?  I said, I
 9   don't have it.  I didn't receive it.  I understand
10   there was an Order, but I don't know what it is, so
11   they print it out and give it to me.
12        THE COURT:  But your indication is Mr. Wright
13   didn't give you a copy of the August 19th Order?
14        MS. RAHMAN:  No.
15        THE COURT:  And the Prothonotary did not send
16   it to you.  You had to uncover it on your own?
17        MS. RAHMAN:  Yeah.  I had to uncover it from --
18   on third floor when I went for the petition.
19        THE COURT:  But you were here on the 19th at
20   the Courthouse?
21        MS. RAHMAN:  I had one hearing with you about
22   the Jones.
23        THE COURT:  Right.  But you knew that
24   Mr. Wright had filed a motion to open or strike
25   default judgement.
```

**14**

1    MS. RAHMAN: And I filed an opposition.
2    THE COURT: Yes. But you knew he was
3  presenting it.
4    MS. RAHMAN: Yes. And I file an opposition. I
5  understand there could maybe be a hearing. I
6  didn't heard anything, but it was -- an Order was
7  entered. I don't have no knowledge of it.
8    THE COURT: Let me say this to you: The Court
9  Order was then entered on August 19th after review
10  of the record as it was clear from the record that
11  the default judgment had been taken quickly and not
12  in accordance with the rules.
13    Thereafter, my recollection was you filed a
14  motion with the Court -- an emergency motion for
15  the Court to review that Order; and I entered our
16  September 17th Order where I indicated that you had
17  filed the petition to open or strike the default
18  judgement. I'm sorry. He did. Mr. Wright filed
19  the petition to open or strike the default judgment
20  on July 29th.
21    We reviewed the entire docket. You filed your
22  fourth amended complaint on July 1, 2019; and that
23  was an error because it was --
24    MS. RAHMAN: It was not July 1st.
25    THE COURT: Right. Factually we corrected that

**15**

1  with our amended Order of September 27th, and this
2  is what we reviewed. You had filed your amended
3  complaint on June 27th along with a certificate of
4  service by U.S. First Class Mail; agreed?
5    MS. RAHMAN: Yes.
6    THE COURT: He acknowledged receipt of your
7  amended complaint on July 1, 2019 based on his
8  pleadings, July 1.
9    MS. RAHMAN: But --
10    THE COURT: No. Let me just stop you for one
11  second.
12    I understand your argument that when you posted
13  everything, when you posted it through the mail to
14  him on June 27, 2019, you believed you had made
15  service on him that day.
16    MS. RAHMAN: I always do, Your Honor. I don't
17  have no reason to lie to anybody so far. I'm 63
18  years old. I don't have no reason.
19    THE COURT: And I understand from your
20  documentation that you did forward it to him. You
21  did mail it.          A.9. (A.14)
22    MS. RAHMAN: Right. And he say he receive it
23  on the 1st. If I did serve him on the 27th, he did
24  not receive it on the 1st. It doesn't go by when
25  he receive it. It is when it was served and when

**16**

1  it was filed. That's when you count 20 days.
2    THE COURT: But the issue, Ms. Rahman, is when
3  you filed it that day and you served it that day by
4  mail --
5    MS. RAHMAN: Right.
6    THE COURT: -- is that recognized in law as
7  having been received by the other party? The
8  pleadings indicated that Mr. Wright acknowledged he
9  did not receive your complaint until July 1st.
10  Then he indicated that he forwarded his preliminary
11  objections for filing to the Courthouse here on
12  July 18th and they were docketed on July 22nd,
13  2019.
14    Now, July 18th would have been a Thursday. If
15  he had 20 days from July 1st to file his
16  preliminary objections --
17    MS. RAHMAN: Your Honor, it's not from July
18  1st. It's from --
19    THE COURT: That's where the contention is
20  between you and him though as to whether it was
21  June 27th --
22    MS. RAHMAN: June 27th.
23    THE COURT: -- the day you filed the complaint
24  --
25    MS. RAHMAN: June 27th.

**17**

1    THE COURT: -- or July 1st, the day he received
2  the complaint.
3    MS. RAHMAN: No, not that. That only counts as
4  Pennsylvania Rule of Appellate Procedure.
5    I did attach one of the page from Supreme Court
6  who is on the case. I have open case. This one is
7  Exhibit A-8. It says very clearly that additional
8  three days may be added in service of the defendant
9  according to Rule of Pennsylvania Appellate
10  Procedure. 121E is an Appellate Procedure, not
11  Civil Procedure.
12    And that man, he claim he open -- he does have
13  a business -- he trying to screw up everybody's
14  everything.
15    But the Appellate Procedure -- Rule of
16  Appellate Procedure and Rule of Civil Procedure is
17  two different rule. He cannot get credit from this
18  Court because he serve Appellate Procedure. It
19  doesn't work that way.
20    In this Court, any paper -- whoever file, the
21  plaintiffs or defendant, rule have to be follow.
22  Pennsylvania Rule of Civil Procedure is 20 days
23  from the date of service.
24    THE COURT: But a review of the record -- a
25  review of the record showing that preliminary

**18**

1  objections were filed on -- the complaint was
2  received on July 1st and the preliminary objections
3  were filed of record on July 22nd would be in
4  accordance with the Rules of Procedure. Your
5  contention, though, is that the complaint was
6  served the 27th, the day you mailed it; correct?
7      MS. RAHMAN: Your Honor, there is a way it's
8  supposed to be done --
9      THE COURT: I want you to take a look at your
10  certificate of service. You're indicating to me
11  that you served the complaint on June 27th;
12  correct?
13      MS. RAHMAN: Yes.
14      THE COURT: But yet, I want to see if you could
15  just explain to me why on the side of your
16  signature it says that this is dated June 26, 2019.
17      MS. RAHMAN: Actually, I was here on June 26th.
18  What happened was when I tried to get in the
19  Courthouse, they would not let me get in. In the
20  morning, they timestamp. They say, We're not going
21  to let you timestamp right now. Tomorrow morning
22  we'll let you timestamp. So I had to wait in the
23  car all night. Then I file it at 11:00 a.m.
24  Usually normally that's not the time I come and
25  file with the Court. When I file with the Court on

**20**

1      MS. RAHMAN: That's what happen. Normally, I'm
2  not here early in the morning at 11:00 unless I
3  have a hearing. I live far away from here.
4      THE COURT: Anything else you want me to
5  consider in support of your motion?
6      You still have your complaint pending
7  initially. I just want to state of record your
8  complaint is still pending. The matter is before
9  Judge Hughes; that is correct?
10      MS. RAHMAN: Normally he is the person -- the
11  complaint signed in 2015, and Judge Hughes normally
12  when I file any paper I serve him a copy. That
13  particular day -- the other -- I didn't know that
14  you entered an Order already and I have to serve a
15  copy that I wasn't aware of it. That's why I serve
16  him already a copy. Normally a timestamped copy I
17  serve, and that's the reason I didn't serve you a
18  copy on the 19th.
19      THE COURT: Did you ever file a reply to the
20  preliminary objections?
21      MS. RAHMAN: I don't have to do that because a
22  judgment was entered already. That was effective,
23  so he filed a petition to strike, and I filed a
24  reply.
25      THE COURT: So your position is you do not have

**19**

1  the 27th -- the other time I sent it in the mail
2  because 26th --
3      If it's 4:15, they don't let me get in the
4  court at all. That happened many times. You can
5  ask any security guard. That happened more than I
6  can count, but there's nothing I can do. Traffic
7  and this -- so when that happened that afternoon
8  when I get stuck, I stay here. Not in the
9  courthouse --
10      THE COURT: I just wanted to clarify of record
11  your position. In essence, your indication is you
12  filed the amended complaint on June 27, 2019.
13      MS. RAHMAN: June 27th, yes.
14      THE COURT: You acknowledged that preliminary
15  objections were filed, but you believed they were
16  filed late.
17      MS. RAHMAN: 27th.
18      THE COURT: You believe they were filed late?
19      MS. RAHMAN: No. I do not believe that because
20  it was supposed to be filed on the 27th. I wanted
21  to normally come one day before in case of
22  emergency; so if I cannot make it, I don't go back
23  home at all. I stay around here so I can file it
24  early in the morning.
25      THE COURT: Okay.

**21**

1  to file a reply to the preliminary objections --
2      MS. RAHMAN: I do not have to.
3      THE COURT: -- because they were filed late by
4  your calculation?
5      MS. RAHMAN: Yes. If they filed late, judgment
6  is entered and he can appeal by Supreme Court.
7  Ruling is proper and it should not be stricken. If
8  he wanted to challenge, he can file on appeal and
9  go through the process because he do that Appellate
10  Procedure; but in this court, he cannot get no
11  entry as to strike.
12      THE COURT: And again, the August 19th Order
13  that I entered after it was presented in Motions
14  Court to me, you were in the Courthouse but you did
15  not attend. You said you were filing something
16  else and Mr. Wright did not serve you with notice
17  of this Order.
18      MS. RAHMAN: No. On the 19th, I was before
19  you. I had another hearing. That was -- you enter
20  a judgment at -- no. You didn't enter a judgment.
21      THE COURT: You had a different case in front
22  of me.
23      MR. RAHMAN: Yeah. You enter a disposition
24  sheet around 11:40, but no Order was entered.
25      THE COURT: Mr. Wright, you're telling me, did

(A. 15.)   A 16

**22**

1 not present you with a copy of this Order after I
2 signed it?
3    MS. RAHMAN: No. Never -- I never received no
4 Order from the Prothonotary's Office, not your
5 office, not Judge Hughes' Office, not Defendant --
6    THE COURT: But you were aware that he had
7 filed this petition to open or strike the default
8 judgment --
9    MS. RAHMAN: That was 29th.
10    THE COURT: Yeah, the 29th of July.
11    MS. RAHMAN: And I file an answer.
12    THE COURT: Right. But you were aware that he
13 had filed it and he was presenting it.
14    MS. RAHMAN: Yes. He filed it on the 29th.
15 When I received that one, I did file a response
16 within 20 days which I supposed to do. I know that
17 Rule of Civil Procedure. 20 days I have to file
18 and I do file.
19    THE COURT: But when he appeared here to
20 present the motion, you did not come in.
21    MS. RAHMAN: He was not in the courtroom. The
22 19th I was in the court since morning because I had
23 --
24    THE COURT: He presented it in Motions Court.
25    MS. RAHMAN: I was next to your office since

**23**

1 morning before 9:00. If I have a hearing, I
2 usually appear here 8:00, 8:30, maximum 9:00.
3    THE COURT: Did he tell you he would be coming
4 that day to present it?
5    MS. RAHMAN: No. He did not say no such
6 nothing, and he was not here either.
7    THE COURT: Okay. Anything else you want me to
8 consider?
9    MS. RAHMAN: Your Honor, I want you to consider
10 reviewing the rules. He's trying to make it seem
11 like he did file properly because that was his
12 intention because he mailed it on the 18th.
13 Intention, mailing, it doesn't work in Common Pleas
14 Court. It only allow in Pennsylvania Rule of
15 Appellate Procedure because they get another three
16 additional days to receive the mailing.
17    Also, they have another rule if you can show
18 them that you mailed that on a certain day, then
19 they will give credit the date it was mailing as
20 filing date, not when they receive. It only if you
21 sent it in U.S. mail but not if you send it in any
22 other kind of mail like commercial mail. They have
23 specific rule that only apply in Appellate
24 Procedure, not Pennsylvania Rule of Civil
25 Procedure.

(A.16)

**24**

1    See, he's trying to tell you that was my
2 intention. I send it in August the 18th for
3 intentional filing. It doesn't work.
4    Pennsylvania Rule of Civil Procedure -- the
5 intention of mailing to file only apply in
6 Appellate Court. I didn't mention that one. The
7 rule number is --
8    THE COURT: Now, you are aware that under
9 rule -- you're familiar with the rules; so under
10 206.4, the Court could strike a judgment when on
11 the face of the record there is ground for striking
12 the judgment.
13    MS. RAHMAN: You said that, but I disagree with
14 that.
15    THE COURT: Again, I understand why you
16 disagree. You disagree because your position is on
17 the 27th of June when you filed your complaint, you
18 then served it by mail.
19    MS. RAHMAN: Yes, Your Honor. And the thing is
20 he tried to make it sound like he need another
21 additional 10-day notice which I disagree because
22 the paper I file -- if you notice in highlight is
23 the block letters written down. If you do not
24 answer within 20 days, an Order might be entered
25 without further notice. It's big writing in

**25**

1 English. He know how to read. He is a very clever
2 man. He's trying to say I didn't tell him and I'll
3 give him another additional day. Actually, I did
4 every court law -- case law it says --
5    THE COURT: Your position, Ms. Rahman, is the
6 date you posted the complaint to him, the date you
7 mailed it out --
8    MS. RAHMAN: Right.
9    THE COURT: -- is the date of service?
10    MS. RAHMAN: That is the day of service. If
11 you can read -- the case law -- they say that very
12 clearly. Your intention -- if you didn't write it
13 down -- which, Your Honor, the typed one, I didn't
14 write that one down but I filed it.
15    A further notice -- without a further notice, a
16 judgment will enter against you if you don't answer
17 within 20 days of date of service. It's written
18 down here very clearly. I highlight it for
19 Mr. Wright. It's not that he didn't see it --
20    THE COURT: I will incorporate the entire
21 record of every proceeding in this matter. I
22 incorporate all the documents in this record.
23    Is there anything else you want me to consider?
24    MS. RAHMAN: Your Honor, this is the only day
25 I'd like you -- to request your review on that

A. 11.

```
1    paper I file.  I did not do anything wrong.  That
2    man is twisting it.
3         If he really would be honest, he would be here
4    representing his side.  Where is he?  Take a look.
5    This, that, those, take a look.  He is not here.
6         I did provide you the difference between
7    Appellate Procedure and the Rule of Civil
8    Procedure.  I might look like an idiot, but
9    actually I'm not.  I'm always at the Law Library.
10   You can ask anybody.  This is me.  This is me all
11   the time.
12        THE COURT:  Thank you very much.  I will give
13   you an opinion.  Thank you, Ms. Rahman.
14        MS. RAHMAN:  Thank you.
15        (Whereupon, the proceedings were adjourned.)
16
17
18
19
20
21
22
23
24
25
```

(A.17)   A.12

# C E R T I F I C A T E

I HEREBY CERTIFY that the proceedings and evidence are contained fully and accurately in the notes of testimony taken by me in the proceedings of the above cause, and that this is a true and correct transcript thereof.

DATE: <u>November 20, 2019</u>

<u>/s/ Kathryn Choman</u>
Kathryn Choman
Official Court Reporter

The foregoing record of the proceedings of the above cause is hereby approved and directed to be filed.

DATE:_____

10:57
10:57

Fred A. Pierantoni, J.

(A.18) A.13

PROTHONOTARY LUZERNE COUNTY
FILED JAN 6 '20 PH3:41

## IN THE COURT OF COMMON PLEAS
## OF LUZERNE COUNTY

FARIDA B. RAHMAN

:

               Plaintiff,        :        CIVIL DIVISION

                                 :

-V.-                             :        NO.  2015-00410

FRED WRIGHT,                     :     ┌─────────────────────────────┐
                                       │ Copies Mailed    01/07/2020 │
               Defendant,        :     └─────────────────────────────┘

                                 :

---

### ORDER

AND NOW, this 6th day of January, 2020, upon consideration of the *Plaintiff's Motion Request to Judge Et Al., Remove Judge Fred Pierantoni from his Job, and Requesting the Court en Banc, all his Orders Should be Strike Off from August 19, 2019 to the present (sic)* and oral argument conducted on January 3, 2020, wherein Farida B. Rahman, appeared *pro se* and, Defendant, Fred Wright, appeared *pro se*, and upon review of the briefs and memorandums of law submitted and the argument of record, IT IS HEREBY ORDERED AND DECREED AS FOLLOWS:

*Plaintiff's Motion Request to Judge Et Al., Remove Judge Fred Pierantoni from his Job*, is DENIED in that this Court lacks jurisdiction to remove a sitting Court of Common Pleas Judge from his/her elected position;

The second part of Plaintiff's Motion, *Plaintiff's Motion Requesting the Court en Banc, all his Orders Should be Strike Off from August 19, 2019 to the present (sic)* is DENIED.  The Court lacks jurisdiction to overturn or rescind the Orders of the Honorable Fred A. Pierantoni, III from August 2019 to the present. Although the Plaintiff asserts that Judge Pierantoni, III recused himself from said matters a formal recusal is not filed of

A. 14.

record.

The Clerk of Judicial Records is directed to serve notice of the entry of this Order

pursuant to Pa.R.C.P. 236.

BY THE COURT:

POLACHEK GARTLEY, J.

Copies:

Farida B. Rahman
53 Prescott Road
White Haven, PA 18661

Frederick W. Wright
Wright Appellate Services, LLC
1015 Chestnut Street, Suite 517
Philadelphia, PA 19107

A.15

PROTHONOTARY LUZERNE COUNTY
FILED JAN 24 '20 PM 4:13

FARIDA B. RAHMAN,
        Plaintiff.

V.

FRED WRIGHT,
        Defendant.

IN THE COURT OF COMMON PLEAS
OF LUZERNE COUNTY

CIVIL ACTION - LAW

NO. 2015- 00410

### PLAINTIFF'S MOTION REQUEST TO JUDGE ET. AL., TO ORDER JUDGE FRED A. PIERANTONI, TO DISCLOSE HIS RECUSAL ON THE RECORD IMMEDIATELY.

AND NOW, comes the Plaintiff, Farida B. Rahman, and requests this Honorable Court Judge et. al., check, review all evidence, order Pierantoni J. to disclose his recusal on the record immediately avoid delaying.

On August 19, 2019, Pierantoni J., entered and filed an order on the docket no. 2015-00410 at 9:12 AM, but failed to served the Plaintiff.

On August 19, 2019, Pierantoni J., failed to file an order on the docket no. 2019-05535, but at 11:40 AM only disposition sheet was filed. Plaintiff was not served.

To cover up his violations, Pierantoni J., entered several orders; and then on November 14, 2019, recused himself from my cases; but failed to filed and served a formal recusal.

WHEREFORE, the Plaintiff respectfully requests to this Honorable Court Judge et.al., preview all evidence, order Pierantoni J to disclose his recusal on the record immediately so another judge can handle this matter.

Respectfully Submitted,

Farida B. Rahman
53 Prescott Rd.
White Haven, PA. 18661

Dated: January 17, 2020

A.16. (A.19)



**JUDGE'S CHAMBERS**
ELEVENTH JUDICIAL DISTRICT
LUZERNE COUNTY COURT OF COMMON PLEAS
200 NORTH RIVER STREET
WILKES-BARRE, PA
18711-1001

(570) 825-1826
FAX (570) 825-1518

## FRED A. PIERANTONI, III
### JUDGE

TO:       Kim Valatka, Court Administration

FROM:   Judge Fred A. Pierantoni

DATE:    December 11, 2019

RE:       Commonwealth of Pa. v. Thomas J. Jones, Jr., Esq.
          No. MD 1422-2019

          Please re-assign the above case to another Judge as I recuse myself to avoid any
potential appearance of impropriety.

FRED A. PIERANTONI, J.

FAP/jme

CLERK OF COURTS OFFX
LUZ CNTY OOT9-'20PMZ

A·17          (A.20)          (A·177)

(52)

FARIDA B. RAHMAN,
     Plaintiff,

    V:

FRED WRIGHT,
     Defendant.

IN THE COURT OF COMMON PLEAS
    OF LUZERNE COUNTY

CIVIL ACTION-LAW

NO, 2015-00410

## MOTION BY THE PLAINTIFF, STRIKE OFF JUDGMENT BY PROTHONOTARY, IMPOSE SANCTIONS TO THE DEFENDANT FOR VIOLATIONS

PROTHONOTARY LUZERNE COUNTY
FILED DEC 27 '19 PM 4:25

AND NOW, comes the Plaintiff, Farida B. Rahman, and request this Honorable Court, to check, review all evidence, strike off judgment by Prothonotary, impose sanctions to the defendant arars as follows:

The Plaintiff filed and served her Motion, Brief, "Rule To Show Cause" on December 6, 2019, she do not need to file nothing within ten (10) days, but she filed and served her Motion, Brief, with proof of U.S. Postal PS form 3817 that the Defendant was served, but the Defendant filed and received one illegal judgment dated December 19, 2019, which should be striken off from the record.

There were two different person said on two different hearing, that he is Fred Wright, but two person can not be the defendant in this action, and signatures were not from the same person either, which is illegal, and the defendant should be receive sanctions for violations of the PA. R.C.P.

A.18.

2.

WHEREFORE, the reasons stated above the Plaintiff, Farida B. Rahman, respectfully requests this Honorable court gran her Motion.

Dated: December. 26, 2019.

Respectfully Submitted,

Farida B. Rahman

FARIDA B. RAHMAN
53 Prescott Rd.
White Haven, PA. 18661
570-233-1520.

A. 19.

FARIDA B. RAHMAN,
            Plaintiff,

            V.

FRED WRIGHT,
            Defendant

IN THE COURT OF COMMON PLEAS
    OF LUZERNE COUNTY

CIVIL ACTION—LAW

NO. 2015 -------- LUZERNE COUNTY
                  FILED DEC 27 '19 PH 4:25

## PLAINTIFF'S BRIEF IN SUPPORT

### HER MOTION

AND NOW, comes the Plaintiff, Farida B. Rahman, and files her brief in support her motion avers as follows:

On November 14, 2019, the Plaintiff filed and served her Motion, Brief. On November 14, 2019 Judge Fred A. Pierantoni RECASE himself from this case, as a result on November 18, 2019, the Plaintiff filed and served her Motion Brief 11-14-19 and 11-18-19 before Judge Dave Lupas on or about 9:00 AM and "Rule To Show Cause" was issued and served to the defendant with rule Returnable on December 30, 2019.

The Plaintiff was forced to file and served her Motion Brief on December 6, 2019 with proof of U.S. Postal PS form 3819 see attached as exhibit "A".

The printout of the docket entry ashows the defendant only filed praecipe for judgment, no 10 day Notice was filed to show the Court what she did not filed and the default occurred, this is illegal because she is not in default on anything, see docket

A. 20.

2.

entry attached as exhibit "B", on page 4. See attached
as exhibit "C" and Exhibit "2". Signatures do not
match either on the Fred Wright's signature.

The defendant is not allow to file such document
with the court to get a judgment dated 12-19-19, and
the judgment must be striken and off the record.

WHEREFORE, the reason stated above the Plaintiff
respectfully requests that this honorable Court grant her
motion, impose sanctions upon the defendant.

Dated: 12-27-19

Respectfully Submitted,

Farida B. Rahman
Plaintiff.

A.21.

## VERIFICATION

I, Farida B. Rahman, do hereby certify that the foregoing statements in this Motion, Brief in Support, true and correct to the best of my knowledge, belief, and information. I understand that the statements herein are made subject to penalties of Pa. C.S.A. 8.4904 relating to unsworn falsifications to authorities.

Dated: December 26, 2019

Farida B. Rahman

A.22

3/14/2019

R2303K10215-02

**$1.45**

0000

U.S. POSTAGE PAID
CRUMS PA
18222
DEC 08 19
AMOUNT

**UNITED STATES POSTAL SERVICE**

Certificate Of Mailing

Pennsylvania Code

This Certificate of Mailing provides evidence that
mail has been presented to USPS® for mailing. This
form may be used for domestic and international
mail.

**From:**
Farida B. Rahman
53 Prescott Rd
White Haven PA 18661

**To:**
Frederick W. Wright
Wright Appellate Services, LLC
1425 Chestnut Street Suite 517
Philadelphia PA 19107

PS Form 3817, April 2007 PSN 7530-02-000-9065

(Exhibit "A")

A.23.

```
James L Haddock, Prothonotary
Printed:  12/27/2019 02:18:22 PM


Case #:         201500410

Rec Date:       01/15/2015  11:17:18
Doc Grp/Desc:   CIV / NOTICE OF APPEAL (MAGISTRATE)

Plaintiff:      RAHMAN FARIDA B
                53 PRESCOTT ROAD
                WHITE HAVEN PA 18661

Defendant:      WRIGHT FRED
                C/O WRIGHT APPELLATE SERVICES    517 JEFFERSON BUILDING
                1015 CHESTNUT STREET
                PHILADELPHIA PA 19107

Judgments:      RAHMAN FARIDA B AGAINST WRIGHT FRED 07/18/2019 $3152.00
                WRIGHT FRED AGAINST RAHMAN FARIDA B 12/19/2019 NON PROS




---- DOCKET ITEMS -----
Rec Date     Description
_____   _____
01/15/2015   NOTICE OF APPEAL (MAGISTRATE)
             Fee: $152.00
01/15/2015   AOPC COVER SHEET
             Fee: $0.00
01/21/2015   PROOF OF SERVICE OF NOTICE OF APPEAL
             Fee: $0.00
02/10/2015   NOTICE
             Fee: $0.00
02/10/2015   COMPLAINT
             Fee: $0.00
02/10/2015   CERTIFICATE OF SERVICE
             Fee: $0.00
02/27/2015   PRELIMINARY OBJECTIONS
             Fee: $0.00
02/27/2015   CERTIFICATE OF SERVICE
             Fee: $0.00
02/27/2015   BRIEF
             Fee: $0.00
02/27/2015   CERTIFICATE OF SERVICE
             Fee: $0.00
03/25/2015   AMENDED COMPLAINT
```

(Exhibit "B")
{Page①}

A. 241

| | |
|---|---|
| 03/25/2015 | CERTIFICATE OF SERVICE |
| | Fee: $0.00 |
| 04/08/2015 | PRELIMINARY OBJECTIONS |
| | Fee: $0.00 |
| 04/08/2015 | CERTIFICATE OF SERVICE |
| | Fee: $0.00 |
| 04/08/2015 | BRIEF |
| | Fee: $0.00 |
| 04/08/2015 | CERTIFICATE OF SERVICE |
| | Fee: $0.00 |
| 04/09/2015 | PRELIMINARY OBJECTIONS |
| | Fee: $0.00 |
| 05/01/2015 | MOTION |
| | Fee: $0.00 |
| 05/01/2015 | BRIEF |
| | Fee: $0.00 |
| 05/01/2015 | ORDER |
| | Fee: $0.00 |
| 05/01/2015 | CERTIFICATE OF SERVICE |
| | Fee: $0.00 |
| 06/02/2015 | MOTION |
| | Fee: $0.00 |
| 06/02/2015 | BRIEF |
| | Fee: $0.00 |
| 06/02/2015 | CERTIFICATE OF SERVICE |
| | Fee: $0.00 |
| 06/18/2015 | RESPONSE |
| | Fee: $0.00 |
| 06/18/2015 | CERTIFICATE OF SERVICE |
| | Fee: $0.00 |
| 06/25/2015 | ORDER WITH RULE 236 |
| | Comment: COPIES MAILED 6-26-2015 CNS |
| | Fee: $0.00 |
| 08/14/2015 | MOTION |
| 08/14/2015 | BRIEF |
| 08/14/2015 | ORDER |
| 08/14/2015 | CERTIFICATE OF SERVICE |
| 08/27/2015 | RESPONSE |
| | Fee: $0.00 |
| 08/27/2015 | CERTIFICATE OF SERVICE |
| | Fee: $0.00 |
| 08/27/2015 | BRIEF |
| | Fee: $0.00 |
| 08/27/2015 | CERTIFICATE OF SERVICE |
| | Fee: $0.00 |
| 08/28/2015 | AMENDED COMPLAINT |
| | Fee: $0.00 |
| 08/28/2015 | CERTIFICATE OF SERVICE |
| | Fee: $0.00 |

A.25

| | |
|---|---|
| 09/16/2015 | CERTIFICATE OF SERVICE |
| | Fee: $0.00 |
| 09/16/2015 | BRIEF |
| | Fee: $0.00 |
| 09/16/2015 | CERTIFICATE OF SERVICE |
| | Fee: $0.00 |
| 10/09/2015 | RESPONSE |
| | Fee: $0.00 |
| 10/09/2015 | BRIEF |
| | Fee: $0.00 |
| 10/09/2015 | CERTIFICATE OF SERVICE |
| | Fee: $0.00 |
| 09/28/2018 | NOTICE OF TERMINATION (RULE 230.2) |
| 11/08/2018 | STATEMENT OF INTENTION TO PROCEED |
| 11/08/2018 | CERTIFICATE OF SERVICE |
| 12/11/2018 | ORDER |
| 01/08/2019 | CERTIFICATE OF SERVICE |
| 01/15/2019 | TRANSCRIPT |
| 03/20/2019 | ORDER WITH RULE 236 |
| | Comment: COPIES MAILED 3-20-2019 CNS |
| 05/20/2019 | NOTICE |
| 05/20/2019 | AMENDED COMPLAINT |
| 05/20/2019 | CERTIFICATE OF SERVICE |
| 06/12/2019 | PRELIMINARY OBJECTIONS |
| 06/12/2019 | BRIEF |
| 06/12/2019 | CERTIFICATE OF SERVICE |
| 06/27/2019 | NOTICE |
| 06/27/2019 | AMENDED COMPLAINT |
| 06/27/2019 | CERTIFICATE OF SERVICE |
| 07/18/2019 | JUDGMENT DEFAULT |
| | Fee: $21.50 |
| 07/18/2019 | NOTICE OF ENTRY OF JUDGMENT |
| | Fee: $0.00 |
| 07/18/2019 | CERTIFICATE OF SERVICE |
| | Fee: $0.00 |
| 07/22/2019 | PRELIMINARY OBJECTIONS |
| 07/29/2019 | PETITION - SUBSEQUENT FILING |
| 07/29/2019 | CERTIFICATE OF SERVICE |
| 08/19/2019 | ORDER |
| | Fee: $0.00 |
| 08/19/2019 | OTHER |
| 08/19/2019 | CERTIFICATE OF SERVICE |
| 09/16/2019 | MOTION |
| 09/16/2019 | BRIEF |
| 09/16/2019 | CERTIFICATE OF SERVICE |
| 09/17/2019 | ORDER WITH RULE 236 |
| | Comment: COPIES MAILED 9-18-2019 CNS |
| 09/26/2019 | RULE TO SHOW CAUSE |
| 09/26/2019 | MOTION |

A.26.

| | |
|---|---|
| 09/26/2019 | BRIEF |
| 09/26/2019 | CERTIFICATE OF SERVICE |
| 09/27/2019 | ORDER WITH RULE 236 |
| | Comment: COPIES MAILED 9-27-2019 CNS |
| 10/17/2019 | MOTION |
| 10/17/2019 | BRIEF |
| 10/17/2019 | CERTIFICATE OF SERVICE |
| 10/21/2019 | DISPOSITION SHEET |
| 10/24/2019 | ORDER WITH RULE 236 |
| | Comment: COPIES MAILED 10-25-2019 CNS |
| 11/14/2019 | MOTION |
| 11/14/2019 | BRIEF |
| 11/14/2019 | CERTIFICATE OF SERVICE |
| 11/18/2019 | MOTION |
| 11/18/2019 | BRIEF |
| 11/18/2019 | CERTIFICATE OF SERVICE |
| 11/18/2019 | RULE TO SHOW CAUSE |
| 12/03/2019 | TRANSCRIPT |
| 12/06/2019 | MOTION |
| 12/06/2019 | BRIEF |
| 12/06/2019 | CERTIFICATE OF SERVICE |
| 12/19/2019 | JUDGMENT - NON PROS |
| | Comment: NON PROS |
| | Fee: $21.50 |
| 12/19/2019 | NOTICE OF ENTRY OF JUDGMENT |
| | Comment: NON PROS |
| | Fee: $0.00 |
| 12/19/2019 | CERTIFICATE OF SERVICE |
| | Fee: $0.00 |
| 12/20/2019 | ORDER WITH RULE 236 |
| | Comment: COPIES MAILED 12-23-2019 CNS |

A.27.

IN THE COURT OF COMMON PLEAS OF _LUZERNE_ COUNTY, PENNSYLVANIA

CIVIL DIVISION

PROTHONOTARY LUZERNE COUNTY
FILED DEC 19 '19 AM 9:13

File No. _2015 - 00410_

PRAECIPE FOR JUDGMENT OF NON PROS

TO THE PROTHONOTARY/CLERK OF SAID COURT:

Enter Judgment of Non Pros against the above-named Plaintiff(s): _FARIDA B. RAHMAN_

Pursuant to Pa.R.C.P. No. 237.1, I certify that written notice of the intention to file this praecipe was mailed or delivered to the party against whom judgment is to be entered and to his or her Attorney of Record, if any, after the default occurred and at least ten (10) days prior to the date of the filing of this praecipe and a copy of the notice is attached.

I verify that I have researched the records in this matter, and a complaint has not been filed within twenty (20) days following the service of the Rule in this matter. I further verify that the statements made in this Praecipe are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to Unsworn Falsification to Authorities.

DATE: _12/10/2019_

Signature _Frederick W. Wright_

Print Name: _FREDERICK W. WRIGHT_

Attorney for: _____

Address: _1015 CHESTNUT ST. STE 517_
_PHILA, PA 19107_

Telephone: _215 733 8870_

Supreme Court ID No.: _____

(Exhibit "C")

A 28

M-3F-1                                        (Rev. 4/00)

IN THE COURT OF COMMON PLEAS
LUZERNE COUNTY, PENNSYLVANIA

FARIDA B. RAHMAN                    :
                    Plaintiff,      :
                                    :    CIVIL ACTION – LAW
        v.                          :
                                    :    No. 2015 – 410
                                    :
FRED WRIGHT                         :
                    Defendant.      :

Date of Notice:  November 27, 2019

# IMPORTANT NOTICE

YOU ARE IN DEFAULT BECAUSE YOU HAVE FAILED TO FILE A COMPLAINT IN THIS CASE. UNLESS YOU ACT WITHIN TEN DAYS FROM THE DATE OF THIS NOTICE, A JUDGMENT MAY BE ENTERED AGAINST YOU WITHOUT A HEARING AND YOU MAY LOSE YOUR RIGHT TO SUE THE DEFENDANT AND THEREBY LOSE PROPERTY OR OTHER IMPORTANT RIGHTS.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

North Penn Legal Services, Inc.
33 North Main Street, Suite 200
Pittston, PA 18640
(570) 299-4100
(877) 953-4250 (toll free)
(570) 824-0001 (fax)

101 West Broad Street
Suite 513
Hazleton, PA 18201
(570) 455-9512
(877) 953-4250 (toll free)
(570) 455-3625 (fax)

Respectfully Submitted,

Frederick W. Wright
1015 Chestnut Street, Suite 517
Philadelphia, PA 19107
(215) 733-9870

(Exhibit "2")

A-29

Dated:

FARIDA B. RAHMAN,
      Plaintiff,

V.

FRED WRIGHT,
      Defendant.

IN THE COURT OF COMMON PLEAS
OF LUZERNE COUNTY

CIVIL ACTION – LAW

NO. 2015 – 00???

PROTHONOTARY LUZERNE COUNTY
FILED DEC 27 '19 PM 4:2?

## CERTIFICATE OF SERVICE

I, Farida B. Rahman, do hereby certify that on this day I served a true copy of this foregoing Motion, Brief via U.S. First Class mail postage prepaid as follows:

Frederick W. Wright,
Wright Appellate Services, LLC.
1015 Chestnut Street, Suite 517
Philadelphia, PA. 19107.

Respectfully Submitted,
Farida B. Rahman
FARIDA B. RAHMAN
58 Prescott Road
White Haven, PA. 18661

A. 30.

FARIDA B. RAHMAN,
            Plaintiff,

V.

FRED WRIGHT,
            Defendant,

IN THE COURT OF COMMON PLEAS
    OF LUZERNE COUNTY.

CIVIL ACTION — LAW

NO. 2015 - 00610

PROTHONOTARY LUZERNE COUNTY
FILED DEC 27 '19 PM 4:25

## CERTIFICATE OF SERVICE

I, Farida B. Rahman, do hereby certify that
on this day I served a true copy of this foregoing
Motion, Brief    via U.S. First Class mail postage
prepaid as follows:

Frederick W. Wright
Wright Appellate Services, LLC.
1015 Chestnut Street, Suite 517
Philadelphia, PA. 19107.

                    Respectfully Submitted,
                    Farida B. Rahman
                    FARIDA B. RAHMAN
                    53 Prescott Road
Dated: 12-27-2019   White Haven, PA-18661

A.31.              Proof of PS Form 3817
                   See at "A"

```
==========================================
              WILKES BARRE
             300 S MAIN ST
        WILKES BARRE, PA 18701-9990
              419260-0782
              (800)275-8777
           12/27/2019 05:39 PM
==========================================
==========================================
------------------------------------------
Product              Qty   Unit    Price
                           Price
------------------------------------------
CTOM - Individual -   1    $1.45   $1.45
Domestic
First-Class Mail@     1    $1.30   $1.30
Large Envelope
   (Domestic)
   (PHILADELPHIA, PA  19107)
   (Weight:0 Lb 2.70 Oz)
   (Estimated Delivery Date)
   (Monday 12/30/2019)
------------------------------------------
Total:                             $2.75

------------------------------------------

Credit Card Remitd                 $2.75
   (Card Name:VISA)
   (Account #:XXXXXXXXXXX5826)
   (Approval #:07763A)
   (Transaction #:667)
   (AID:A0000000031010        Chip)
   (AL:VISA CREDIT)
   (PIN:Not Required     CHASE VISA)
------------------------------------------

In a hurry? Self-service kiosks offer
quick and easy check-out. Any Retail
Associate can show you how.

          Preview your Mail
          Track your Packages
         Sign up for FREE @
         www.informeddelivery.com


All sales final on stamps and postage.
Refunds for guaranteed services only.
    Thank you for your business.

   NOW HIRING - JOIN OUR TEAM!
    $15.00 to $18.62 per hour
       depending on position
APPLY ONLINE at www.usps.com/careers
      Use Keyword Search
  "Type City of Interest within PA"

   HELP US SERVE YOU BETTER

  TELL US ABOUT YOUR RECENT
       POSTAL EXPERIENCE

          Go to:
  https://postalexperience.com/Pos
```

**UNITED STATES POSTAL SERVICE**

Certificate Of Mail

This Certificate of Mailing provides evidence that mail has been presented to USPS for me.
This form may be used for domestic and international mail.

From: Farida B. Rahman
53 Prescott Rd
White Haven, PA. 18661

To: Wright Appellate Services L.L.C.
Fredric W. Wright
1015 Chestnut Street, Suite 501
Philadelphia, PA. 19107

PS Form 3817, April 2007 PSN 7530-02-000-9065

U.S. POSTAGE PAID
WILKES BARRE, PA
AMOUNT
$1.45
DEC 27
R2304E108718-44

("A")  A. 32.

FARIDA B. RAHMAN,                  : IN THE COURT OF COMMON PLEAS

       PLAINTIFF                  :        OF LUZERNE COUNTY

  VS.                                 :        CIVIL DIVISION

       DEFENDANT            : NO. 410 OF 2015

FRED WRIGHT

### RULE TO SHOW CAUSE

AND NOW, this 31 day of DEC, 2019 , upon consideration

of the foregoing Petition/Motion, IT IS HEREBY ORDERED that a Rule is issued upon

the DEF to show cause why the relief requested in PL Petition/Motion

should not be granted.

     RULE RETURNABLE and Argument to be held on:

DATE:    3/2/20

TIME:    9:30 AM

PLACE:   3rd FLOOR

        MAIN COURTHOUSE

PROTHONOTARY LUZERNE COUNTY
FILED DEC 31 '19 AM10:32

                BY THE COURT:

                Michael A. Shresby

A.33.

FARIDA B. RAHMAN,
      Plaintiff,

V.

FRED WRIGHT,
      Defendant,

IN THE COURT OF COMMON PLEAS
OF LUZERNE COUNTY

CIVIL ACTION - LAW

NO. 2015-00410

## CERTIFICATE OF SERVICE

I, Farida B. Rahman, do hereby certify that on this day I served a true copy of this foregoing "Rule To Show Cause" via U.S. First Class mail postage prepaid as follows:

Frederick W. Wright
Wright Appellate Services, LLC.
1015 Chestnut Street, Suite 517
Philadelphia, PA. 19107.

Dated: 12-31-2019

Respectfully Submitted,
Farida B. Rahman
FARIDA B. RAHMAN
58 Prescott Road
White Haven, PA-18661

PROTHONOTARY LUZERNE COUNTY
FILED JAN 3 '20 PM 1:52

Proof of mailing PS Form 3817 see attached as exhibit "B"

A.34







A. 35.

(Exhibit "B")

FARIDA B. RAHMAN,
          Plaintiff,

          V.

FRED WRIGHT,
          Defendant.

IN THE COURT OF COMMON PLEAS
     OF LUZERNE COUNTY

CIVIL ACTION-LAW

NO. 2015-00410

PROTHONOTARY LUZERNE COUNTY
FILED 2019 JUN 14 19 PM 1:24

## PLAINTIFF'S MOTION REQUEST TO JUDGE ET. AL., REMOVE JUDGE FRED A. PIERANTONI FROM HIS JOB, AND REQUESTING THE COURT EN BANC, ALL HIS ORDERS SHOULD BE STRIKE OFF FROM AUGUST 19, 2019 TO THE PRESENT.

AND NOW, comes the Plaintiff, Farida B. Rahman, and requests this Honorable Court Judge et. al., check, review all evidence, remove judge Fred A. Pierantoni from his job, requesting the Court EN BANC, Pa. R.C.P. 249(a), strike off all his orders from August 19, 2019 to the present, due to fraud avars as follows:

On August 19, 2019, judge entered and filed an order on the docket no. 2015-00410, but failed to served the Plaintiff, the order was filed with the Court at 9:12 AM.

On August 19, 2019, judge failed to file an order on the docket no. 2019-05585, but only disposion sheet was filed on August 19, 2019 with the Court at 11:40 AM.

Judge is in violation of Pa. R.C.P., 42 Pa. C.S.A. § 8550, and also 18 Pa. C.S.A. § 5301, to cover it up, the judge entered several orders which should be strike off, all evidence were filed and served to the judge, which was ignored by the judge, and he entered his last order on October 24, 2019, 2:00 PM, which was mailed on October 25, 2019.

A. 36

2.

All orders were entered by this judge from August 19, 2019 should be strike off to correct a misrepresentation of the law, see Sylva Enterprises, Inc. v. Mark Financial Corp, 26 Pa. D&C. 3rd 115 (1982). If there is a showing of fraud or another circumstance so grave or compelling as to constitute extraordinary cause justifying intervention, trial court may vacate its order after 30 day period for vacating final orders has expired, see First Union Mortg. Corp. v. Frempong, 744 A.2d 327, Super. 1999, also see Vanleer v. Lerner, 559 A.2d, 577, 384 Pa. Super 558, Super 1989, Com v. Walters, 814 A.2d 253, Super 2002.

The defendant was served one full page NOTICE on June 22, 2019. The defendant know or should have known that he must reply with twenty (20) day, but the defendant choose to lie and the judge is covering for the defendant.

The Plaintiff filed and served her opposition on August 19, 2019, judge was provided with a time stamped copy, but the judge lie on his order to cover up his violations dated August 19, 2019.

WHEREFORE, the Plaintiff Farida B. Rahman, respectfully requests this Honorable Court Judge E.T. Atk., review all evidence, strike off orders entered by this judge from August 19, 2019 to the present, and remove this Judge from his job.

Dated: November 08, 2019.

Respectfully Submitted,

Farida B. Rahman

FARIDA B. RAHMAN
53 Prescott Road
White-Haven, PA. 18661
570-233-1520.

A.37.

FARIDA B. RAHMAN,
    Plaintiff,

        V.

FRED WRIGHT,
        Defendant.

IN THE COURT OF COMMON PLEA
    OF LUZERNE COUNTY

NO. 2015-00410

FILED PRODUCTIONTARY LUZERNE COUNTY
FILED NOV 14 19 PM 2:26

PLAINTIFF'S BRIEF IN SUPPORT HER
MOTION TO JUDGE ET. AL., REMOVE JUDGE
FRED A. PIERANTONI FROM HIS JOB. REQUESTING
THE COURT EN BANC. ALL HIS ORDERS SHOULD BE STRIKE
OFF FROM AUGUST 19, 2019 TO OCTOBER 24, 2019.

AND NOW, Comes the Plaintiff, Farida B. Rahman, and request this Honorable Court Judge et. al., to check, review all evidence, remove Judge Fred A. Pierantoni from his Job, requesting the Court EN BANC, Pa. R.C.P. 249(a), strike off all his orders from August 19, 2019 to the present, due to fair errors as follows:

On August 19, 2019, Judge entered and filed an order on the docket no. 2015-00410, but failed to served the Plaintiff, the order was filed with Court at 9:12 AM, see attached a. A.5 , A.40.

On August 19, 2019, Judge failed to file an order on the docket no. 2019-05538, but only the disposion sheet was filed on August 19, 2019 with the Court at 11:40 AM.

Judge is in violations of Pa. R.C.P., 42 Pa. C.S.A §8550, and also 18 Pa. C.S.A. §5310, to cover up his violations. Judge entered several orders which should be strike off, all evidence were filed and served to the Judge, which he ignored, and entered his last order on October 24, 2019, 2:00 PM, which was mailed on October 25, 2019, see exhibit "4"(e), on Page #4, order at exhibit "1".

A. 38.

On July 18 the Order of Judgment entered against the defendant is correct, the Prothonotary was entered the "Amended Complaint" with one page "NOTICE," all exhibits, see attached as exhibit "1" (a), which is a true copy was entered before the entry of Judgment against of the defendant. Also see at A.39, NOTICE was filed, it was underlied for others to see carefully.

The defendant filed all his preliminary objections with lies, and every one of them exactly identical, see attached as exhibit "1" (b), #16, 17, 18, 19, they are 100% lie.

Judge lied on his order, he said the plaintiff did not filed any papers as the reply, the plaintiff filed and served "Plaintiff's Reply in Opposition, to The Defendant's Petition filed on July 29, 2019, see attached as exhibit A.13, exhibit "A.1", A.34, A.35, a total twenty four (24) pages were filed and served.

On September 15, 2019, the judge was served (27) twenty seven pages with attached all twenty four (24) pages of her Reply In Opposition which was filed and served on August 29, 2019, his 1st order, see at A.6, dated 9-19-2019, which was not served. To cover up the violations judge entered two orders on September 17, 27 2019, see attached as exhibit "A.1", the the judge enter his order with lies on 24th day of October, which was mailed on October 25, 2019, see at "1" c, on page #4. At the hearing the defendant no show, on October 21.

WHEREFORE. for the above reasons, the plaintiff, respectfully request judge et. al. strike off all orders by the judge and remove him from his job.

Dated: November 08, 2019

Respectfully Submitted,

Fariola B. Rahman
53 Prescott Rd,
White Haven, PA. 18661
570-233-1520

A.39.

## VERIFICATION

I, Farida B. Rahman, do hereby certify that the foregoing statements in this Motion, Brief in Support true and correct to the best of my Knowledge, belief, and information, I understand that the statements herein are made subject to penalties of Pa. C.S.A. 8 4904 relating to unsworn falsifications to authorities.

Dated: November 8, 2019                    Farida B. Rahman

A-40

FARIDA B. RAHMAN,
          Plaintiff

          V.

FRED WRIGHT,
          Defendant.

IN THE COURT OF COMMON PLEAS
     OF LUZERNE COUNTY

CIVIL ACTION-LAW

NO. 2015- 00410.

PROTHONOTARY LUZERNE COUNTY
FILED JUN 27 '15 Am 10:56

## AMENDED COMPLAINT

NOW COMES the Plaintiff, Farida B. Rahman, and respectfully requests this Honorable Court to grant her Amended Complaint as follows:

1. Farida B. Rahman is an adult, senior citizen of the United States of America, (hereinafter the "Plaintiff"), residing at 53 Prescott Road, White Haven, PA. 18661

2. Fred Wright is an adult individual, with only known address, Wright Appellate Services, L.L.C., 517 Jefferson building, 1015 Chestnut Street, Philadelphia, PA. 19107 (hereinafter the "Defendant").

## COUNT I

## BREACH OF CONTRACT

§ 1"(a)

3. The allegations contained in paragraph 1 through 2 about are incorporated herein as if more fully set forth hereinafter.

4. The elements of breach of contract are that there

(A.3")

A.41.

2.

was a contract, it was breached, and the Plaintiff
suffered damages from the breach. The contracts were
oral and written (only by the Plaintiff). See attached
as exhibit "A."

5.   The Defendant agreed with the Plaintiff, but the
the Defendant never signed or written any contract,
only oral contract by the Defendant. As a result the
Plaintiff wrote the contract, signed, dated, and
sent it to the Defendant with the deposit attached
with her contract, letter dated October 15, 2012, see
attached as exhibit "A"

6. On October of 2012, the Defendant wanted to
do the job, Writ of Certiorari, and file and serve to
the United States, Defendant was retained by the Plaintiff,
see attached as exhibit "B", it said parties name, the
court where it was filed, the date it was filed.

7.   November 12, 2012 was the Ninty (90) days from
the order dated August 15, 2012. The Plaintiff wrote
in her contract, "File my papers around November
8/9, 2012. $300.00 Check dated November 8, 2012."

8.   The Defendant cashed the check in the amount
of $1500.00, for a deposit of 50% for the job, but
failed to follow all instructions to the contract. The
Defendant Breach the contract.

9.   The Defendant was in full charge for the
work. The Plaintiff was in her Brothers house
in California, and the Plaintiff talk to the
Defendant about all instructions from California.

{"1" (a)}

A.42

3.

10. On December 13, 2012, the Plaintiff sent the check #371, in the amount of $1500.00 to the Defendant for the final payment of the job. Check #371 in the amount of $1500.00 was cashed on December 18, 2012 by Roma Bank.

11. The Defendant was paid in full $3,000.00 for the job, Writ of Certiorari, but the Defendant did not provided the Plaintiff, what the Plaintiff asked the Defendant to do in her letter dated 15th of October 2012.

12. The Defendant filed and served the job on November 13, 2012, which was one day late, it must be filed within Ninety (90) days, see attached as exhibit B. Document was not notarized nor signed before filed. This is a Breach of contract. The Defendant Breach the contract and make the Plaintiff Suffer.

WHEREFORE, the Plaintiff respectfully requests this Honorable Court to enter a Judgment in her favor and against the Defendant in the amount of $3,000.00 dollars, plus all aditional sums due through the date of judgment together with court costs and any other relief that this Court may deem appropriate.

COUNT II

{ 1(a) }

A.43.

4.

## FRAUD, DECEIT

13. The allegations contained in paragraph 1 through 12 about are incorporated herein as if fully set forth hereinafter.

14. Final payment in the amount of $1500.00, check # 371, was cashed on December 18, 2012, by Roma Bank, but at the hearing on December 16, 2014, the Defendant said that final payment was not paid yet, and the Defendant try to collect another $1500.00 from the Plaintiff on December 17, 2014, see attached as exhibit "E" this is fraud, deceit.

15. The Plaintiff lost $3,000.00, which the Defendant charged to the Plaintiff to do the job, Writ to Certiorari to the Supreme Court of the United States. The Plaintiff also lose $300.00 fee to file with the court.

16. On January 03, 2019 the Defendant lied again to the court and the Defendant said he is Fred, but he was not in before, at the hearing on December 16, 2014, this is fraud, deceit.

17. The Defendant lied everywhere on his paper, he also lies about when the Amended Complaint must be filed by the Plaintiff, which was ordered by Judge on March 20, 2019.

18. The Defendant make up one more lie, like everything he wrote, that she filed her paper 31 days late, which is fraud, deceit.

19. The Plaintiff filed her Amended Complaint as ordered by the Honorable Judge, and she did not filed it late. The Defendant filed his paper late, on June 12, 2019.

20. The Defendant also wrote that I never filed any response, which is a fraud, deceit, see at exhibit "E"

A. 44. } "1" (a) }

WHEREFORE, the Plaintiff respectfully requests this Honorable Court to enter a judgment in her favor and against the Defendant in the amount of $3000'00 dollars, plus all additional sums due through the date of judgment together with costs and other relief that this Court may deem appropriate.

Dated: June 21, 2019

Respectfully Submitted,

Farida B. Rahman
53 Prescott Rd.
White Haven, PA. 18661
570-497-0298

2'(a)

A-45-

## VERIFICATION

I, Farida B. Rahman, do hereby certify that the foregoing statements in this Amended Complaint are true and correct to the best of my Knowledge, belief, and information, I understand that the statements herein are made subject to penalties of Pa. C.S.A. 8 4904 relating to unsworn falsifications to authorities.

Dated: June 21, 2019.

Farida B. Rahman

A. 46. {"1" (a)}

Oct. 15, 2012

Dear Mr. Wright:

I am sending you $1500.00 + 300 to fix Writ of Certiorari and order from Cont. Last order dated 8-15-2012, was Denied my request. November 12, 2012 will be the 90th day. File my papers around November 8/9, 2012. $300 a check dated Nov. 8.12.

File everything by the court rule. File certificate of Compliance with word count. Rule 33.1(h).
Check the signature; date also.

Serve the Solicitor General of the U.S. as required by rule 29.

On page #11, 12 of my first brief, which was filed on 8-30-2011, and also on page #7, on the last brief, which was filed on 2012, about the notice/letter dated February 23, 2010. Write in a way that will be good for me only, because on Township's 1st Brief- They attached copies to show that they sent me the copy, which they sent to the attorney. On the other hand they are showing the court that they did nothing wrong.

    Thanks.

(Farida B. Rahman (Exhibit "A")

A. 47.    {1 (a)}

## AFFIDAVIT OF SERVICE

### SUPREME COURT OF THE UNITED STATES

No.

FARIDA B. RAHMAN,

*Petitioner,*

v.

FOSTER TOWNSHIP,

*Respondent.*

I, Frederick W. Wright, being duly sworn according to law and being over the age of 18, upon my oath depose and say that:

I am retained by:

FARIDA B. RAHMAN
53 PRESCOTT ROAD
WHITE HAVEN, PA 18661
(570) 443-4468

On this 13th day of November 2012 I deposited three copies of the Petition for Writ of Certiorari, with the United States Post Office to mail priority to the following:

Kevin M. Walsh, Jr., Esq.
Donald G. Karpowich, P.C.
85 Drasher Road
Drums, PA 18222

Filing to the Court has been perfected on the same date as above.

_FREDERICK W. WRIGHT_
FREDERICK W. WRIGHT
Wright Appellate Services, LLC
1015 Chestnut Street, 517 Jefferson Building
Philadelphia, PA  19107
(215) 733-9870*FAX (215) 733-9872*(800) 507-9020
Email address: appealfww@aol.com; website: www.wrightappellate.com

{ "1" (a) }

A-48

(Exhibit "B")

James L Haddock, Prothonotary
Printed: 06/26/2019 01:27:48 PM

Case #:          201500410

Rec Date:        01/15/2015  11:17:18
Doc Grp/Desc:    CIV / NOTICE OF APPEAL (MAGISTRATE)

Plaintiff:       RAHMAN FARIDA B
                    53 PRESCOTT ROAD
                    WHITE HAVEN PA 18661

Defendant:       WRIGHT FRED
                    C/O WRIGHT APPELLATE SERVICES    517 JEFFERSON BUILDING
                    1015 CHESTNUT STREET
                    PHILADELPHIA PA 19107


---- DOCKET ITEMS -----
Rec Date      Description

| Rec Date | Description |
| --- | --- |
| 01/15/2015 | NOTICE OF APPEAL (MAGISTRATE) |
| | Fee: $152.00 |
| 01/15/2015 | AOPC COVER SHEET |
| | Fee: $0.00 |
| 01/21/2015 | PROOF OF SERVICE OF NOTICE OF APPEAL |
| | Fee: $0.00 |
| 02/10/2015 | NOTICE |
| | Fee: $0.00 |
| 02/10/2015 | COMPLAINT |
| | Fee: $0.00 |
| 02/10/2015 | CERTIFICATE OF SERVICE |
| | Fee: $0.00 |
| 02/27/2015 | PRELIMINARY OBJECTIONS |
| | Fee: $0.00 |
| 02/27/2015 | CERTIFICATE OF SERVICE |
| | Fee: $0.00 |
| 02/27/2015 | BRIEF |
| | Fee: $0.00 |
| 02/27/2015 | CERTIFICATE OF SERVICE |
| | Fee: $0.00 |
| 03/25/2015 | AMENDED COMPLAINT |
| | Fee: $0.00 |
| 03/25/2015 | CERTIFICATE OF SERVICE |
| | Fee: $0.00 |
| 04/08/2015 | PRELIMINARY OBJECTIONS |
| | Fee: $0.00 |

{"1" (a)}

(Exhibit "C")

A.49.   (Page 1)

|            | Fee: $0.00              |
|------------|-------------------------|
| 04/08/2015 | BRIEF                   |
|            | Fee: $0.00              |
| 04/08/2015 | CERTIFICATE OF SERVICE  |
|            | Fee: $0.00              |
| 04/09/2015 | PRELIMINARY OBJECTIONS  |
|            | Fee: $0.00              |
| 05/01/2015 | MOTION                  |
|            | Fee: $0.00              |
| 05/01/2015 | BRIEF                   |
|            | Fee: $0.00              |
| 05/01/2015 | ORDER                   |
|            | Fee: $0.00              |
| 05/01/2015 | CERTIFICATE OF SERVICE  |
|            | Fee: $0.00              |
| 06/02/2015 | MOTION                  |
|            | Fee: $0.00              |
| 06/02/2015 | BRIEF                   |
|            | Fee: $0.00              |
| 06/02/2015 | CERTIFICATE OF SERVICE  |
|            | Fee: $0.00              |
| 06/18/2015 | RESPONSE                |
|            | Fee: $0.00              |
| 06/18/2015 | CERTIFICATE OF SERVICE  |
|            | Fee: $0.00              |
| 06/25/2015 | ORDER WITH RULE 236     |
|            | Comment: COPIES MAILED 6-26-2015 CNS |
|            | Fee: $0.00              |
| 08/14/2015 | MOTION                  |
| 08/14/2015 | BRIEF                   |
| 08/14/2015 | ORDER                   |
| 08/14/2015 | CERTIFICATE OF SERVICE  |
| 08/27/2015 | RESPONSE                |
|            | Fee: $0.00              |
| 08/27/2015 | CERTIFICATE OF SERVICE  |
|            | Fee: $0.00              |
| 08/27/2015 | BRIEF                   |
|            | Fee: $0.00              |
| 08/27/2015 | CERTIFICATE OF SERVICE  |
|            | Fee: $0.00              |
| 08/28/2015 | AMENDED COMPLAINT       |
|            | Fee: $0.00              |
| 08/28/2015 | CERTIFICATE OF SERVICE  |
|            | Fee: $0.00              |
| 09/16/2015 | PRELIMINARY OBJECTIONS  |
|            | Fee: $0.00              |
| 09/16/2015 | CERTIFICATE OF SERVICE  |
|            | Fee: $0.00              |
| 09/16/2015 | BRIEF                   |

{ "1" (a) }

(Exhibit "c")

(Page 2)

A.50

```
09/16/2015   CERTIFICATE OF SERVICE
             Fee: $0.00
10/09/2015   RESPONSE
             Fee: $0.00
10/09/2015   BRIEF
             Fee: $0.00
10/09/2015   CERTIFICATE OF SERVICE
             Fee: $0.00
09/28/2018   NOTICE OF TERMINATION (RULE 230.2)
11/08/2018   STATEMENT OF INTENTION TO PROCEED
11/08/2018   CERTIFICATE OF SERVICE
12/11/2018   ORDER
01/08/2019   CERTIFICATE OF SERVICE
01/15/2019   TRANSCRIPT
03/20/2019   ORDER WITH RULE 236
             Comment: COPIES MAILED 3-20-2019 CNS
05/20/2019   NOTICE
05/20/2019   AMENDED COMPLAINT
05/20/2019   CERTIFICATE OF SERVICE
06/12/2019   PRELIMINARY OBJECTIONS
06/12/2019   BRIEF
06/12/2019   CERTIFICATE OF SERVICE
```

§ "1" (a)

(Exhibit "c")
(Page

A.51.

201500410  10/09/2015  BRIEF  Image: 7 of 7

*Wright Appellate Services, LLC*

517 Jefferson Building • 1015 Chestnut Street • Philadelphia 19107
(215) 733-9870 • (800) 507-9020 • FAX (215) 733-9872
email: appealfww@aol.com • www.wrightappellateservices.com

RECORDS
APPENDICES
BRIEFS
PETITIONS

December 17, 2014

Petition for Writ of Certiorari
No: 1109

Farida B. Rahman
53 Prescott Rd.
White Haven, PA 18661

Dear Ms. Rahman:

      Our records indicate an outstanding balance on the above file for services rendered for a Petition for Writ of Certiorari.

      Please furnish to our office within 10 days proof (cancelled check(s) representing payment in full for said services. If this is our office's discrepancy, we will mark the file closed and forward to you a statement paid in full.

      In the event you do not reply to our request, this would indicate our records are correct.

Respectfully Submitted,

Michelle Albright
Accounts Payable/Receivable

{ 1"(a) }

cc: Litman, Esq.

(Exhibit "E")  A.52.

14.    Plaintiff's Second Amended Complaint failed to correct all of the issues presented in Defendant's Preliminary Objections, which were granted by this Honorable Court, and contained new.

15.    Accordingly, Defendant filed timely Preliminary Objections to Plaintiff's Second Amended Complaint.

16.    Plaintiff never responded to the Preliminary Objections.

17.    Thereafter the Court held a status conference on or about January 3, 2019, which was attended by both parties.

18.    On or about March 20, 2019, Judge Hughes, III entered an Order requiring Plaintiff to file a Third Amended Complaint within 30 days.

19.    Plaintiff filed her Third Amended Complaint, untimely, which failed to correct all of the issues with her previous Complaints, and created ever more additional issues. A true and correct copy of Plaintiff's Third Amended Complaint is attached hereto and incorporated as Exhibit "E."

20.    Defendant thereafter filed preliminary objections once more.

21.    Plaintiff has responded to those preliminary objections by filing a Fourth Amended Complaint. Exhibit "A."

22.    Plaintiff's Fourth Amended Complaint contains a breach of contract count that is *exactly identical* to that of her Third Amended Complaint, and a fraud count that is exactly identical to that of her Third Amended Complaint, with the exception of three additional paragraphs wherein Plaintiff claims that Defendant is a liar.

## DEFENDANT'S FIRST PRELIMINARY OBJECTION
## PURSUANT TO PA. R.C.P. 1028(a)(3) FOR
## INSUFFICIENT SPECIFICITY OF PLAINTIFF'S FOURTH AMENDED COMPLAINT

{Exhibit "1" (6)}

A.53

James L Haddock, Prothonotary
Printed: 11/12/2019 04:52:46 PM

Case #:        201500410

Rec Date:      01/15/2015  11:17:18
Doc Grp/Desc:  CIV / NOTICE OF APPEAL (MAGISTRATE)

Plaintiff:     RAHMAN FARIDA B
               53 PRESCOTT ROAD
               WHITE HAVEN PA 18661

Defendant:     WRIGHT FRED
               C/O WRIGHT APPELLATE SERVICES    517 JEFFERSON BUILDING
               1015 CHESTNUT STREET
               PHILADELPHIA PA 19107

Judgments:     RAHMAN FARIDA B AGAINST WRIGHT FRED 07/18/2019 $3152.00


---- DOCKET ITEMS -----
Rec Date    Description

01/15/2015  NOTICE OF APPEAL (MAGISTRATE)
            Fee: $152.00
01/15/2015  AOPC COVER SHEET
            Fee: $0.00
01/21/2015  PROOF OF SERVICE OF NOTICE OF APPEAL
            Fee: $0.00
02/10/2015  NOTICE
            Fee: $0.00
02/10/2015  COMPLAINT
            Fee: $0.00
02/10/2015  CERTIFICATE OF SERVICE
            Fee: $0.00
02/27/2015  PRELIMINARY OBJECTIONS
            Fee: $0.00
02/27/2015  CERTIFICATE OF SERVICE
            Fee: $0.00
02/27/2015  BRIEF
            Fee: $0.00
02/27/2015  CERTIFICATE OF SERVICE
            Fee: $0.00
03/25/2015  AMENDED COMPLAINT
            Fee: $0.00
03/25/2015  CERTIFICATE OF SERVICE
            Fee: $0.00

{Exhibit "1"(C)}

(page 1)

A.54.

|            | Fee: $0.00 |
|------------|------------|
| 04/08/2015 | CERTIFICATE OF SERVICE |
|            | Fee: $0.00 |
| 04/08/2015 | BRIEF |
|            | Fee: $0.00 |
| 04/08/2015 | CERTIFICATE OF SERVICE |
|            | Fee: $0.00 |
| 04/09/2015 | PRELIMINARY OBJECTIONS |
|            | Fee: $0.00 |
| 05/01/2015 | MOTION |
|            | Fee: $0.00 |
| 05/01/2015 | BRIEF |
|            | Fee: $0.00 |
| 05/01/2015 | ORDER |
|            | Fee: $0.00 |
| 05/01/2015 | CERTIFICATE OF SERVICE |
|            | Fee: $0.00 |
| 06/02/2015 | MOTION |
|            | Fee: $0.00 |
| 06/02/2015 | BRIEF |
|            | Fee: $0.00 |
| 06/02/2015 | CERTIFICATE OF SERVICE |
|            | Fee: $0.00 |
| 06/18/2015 | RESPONSE |
|            | Fee: $0.00 |
| 06/18/2015 | CERTIFICATE OF SERVICE |
|            | Fee: $0.00 |
| 06/25/2015 | ORDER WITH RULE 236 |
|            | Comment: COPIES MAILED 6-26-2015 CNS |
|            | Fee: $0.00 |
| 08/14/2015 | MOTION |
| 08/14/2015 | BRIEF |
| 08/14/2015 | ORDER |
| 08/14/2015 | CERTIFICATE OF SERVICE |
| 08/27/2015 | RESPONSE |
|            | Fee: $0.00 |
| 08/27/2015 | CERTIFICATE OF SERVICE |
|            | Fee: $0.00 |
| 08/27/2015 | BRIEF |
|            | Fee: $0.00 |
| 08/27/2015 | CERTIFICATE OF SERVICE |
|            | Fee: $0.00 |
| 08/28/2015 | AMENDED COMPLAINT |
|            | Fee: $0.00 |
| 08/28/2015 | CERTIFICATE OF SERVICE |
|            | Fee: $0.00 |
| 09/16/2015 | PRELIMINARY OBJECTIONS |
|            | Fee: $0.00 |
| 09/16/2015 | CERTIFICATE OF SERVICE |

{Exhibit "I"(C)}
(Page 2)

A.55

| | |
|---|---|
| 09/16/2015 | BRIEF |
| | Fee: $0.00 |
| 09/16/2015 | CERTIFICATE OF SERVICE |
| | Fee: $0.00 |
| 10/09/2015 | RESPONSE |
| | Fee: $0.00 |
| 10/09/2015 | BRIEF |
| | Fee: $0.00 |
| 10/09/2015 | CERTIFICATE OF SERVICE |
| | Fee: $0.00 |
| 09/28/2018 | NOTICE OF TERMINATION (RULE 230.2) |
| 11/08/2018 | STATEMENT OF INTENTION TO PROCEED |
| 11/08/2018 | CERTIFICATE OF SERVICE |
| 12/11/2018 | ORDER |
| 01/08/2019 | CERTIFICATE OF SERVICE |
| 01/15/2019 | TRANSCRIPT |
| 03/20/2019 | ORDER WITH RULE 236 |
| | Comment: COPIES MAILED 3-20-2019 CNS |
| 05/20/2019 | NOTICE |
| 05/20/2019 | AMENDED COMPLAINT |
| 05/20/2019 | CERTIFICATE OF SERVICE |
| 06/12/2019 | PRELIMINARY OBJECTIONS |
| 06/12/2019 | BRIEF |
| 06/12/2019 | CERTIFICATE OF SERVICE |
| 06/27/2019 | NOTICE |
| 06/27/2019 | AMENDED COMPLAINT |
| 06/27/2019 | CERTIFICATE OF SERVICE |
| 07/18/2019 | JUDGMENT DEFAULT |
| | Fee: $21.50 |
| 07/18/2019 | NOTICE OF ENTRY OF JUDGMENT |
| | Fee: $0.00 |
| 07/18/2019 | CERTIFICATE OF SERVICE |
| | Fee: $0.00 |
| 07/22/2019 | PRELIMINARY OBJECTIONS |
| 07/29/2019 | PETITION - SUBSEQUENT FILING |
| 07/29/2019 | CERTIFICATE OF SERVICE |
| 08/19/2019 | ORDER |
| | Fee: $0.00 |
| 08/19/2019 | OTHER |
| 08/19/2019 | CERTIFICATE OF SERVICE |
| 09/16/2019 | MOTION |
| 09/16/2019 | BRIEF |
| 09/16/2019 | CERTIFICATE OF SERVICE |
| 09/17/2019 | ORDER WITH RULE 236 |
| | Comment: COPIES MAILED 9-18-2019 CNS |
| 09/26/2019 | RULE TO SHOW CAUSE |
| 09/26/2019 | MOTION |
| 09/26/2019 | BRIEF |
| 09/26/2019 | CERTIFICATE OF SERVICE |

Exhibit "I" (C

(Page "3"

A.56

Comment: COPIES MAILED 9-27-2019 CNS

| | |
|---|---|
| 10/17/2019 | MOTION |
| 10/17/2019 | BRIEF |
| 10/17/2019 | CERTIFICATE OF SERVICE |
| 10/21/2019 | DISPOSITION SHEET |
| 10/24/2019 | ORDER WITH RULE 236 |

Comment: COPIES MAILED 10-25-2019 CNS

{Exhibit "1"(C)}
(Page "4")

A.57.

FILED OCT 24 '15 PM 2:00 LUZERNE COUNTY

| | | |
|---|---|---|
| **FARIDA B. RAHMAN** | : | **IN THE COURT OF COMMON PLEAS** |
| | : | **OF LUZERNE COUNTY** |
| | : | |
| | : | **CIVIL ACTION-LAW** |
| **Plaintiff** | : | |
| | : | |
| **vs** | : | |
| | : | |
| **FRED WRIGHT** | : | **NO.  2015-410** |
| **Defendant** | : | |

## <u>ORDER</u>

**AND NOW**, this ___23___ day of October, 2019, following hearing, it is hereby

ORDERED and DECREED:

1. Plaintiff's Motion to Open and Strike Off Orders Dated August 19, 2019, and

   September 17, 2019, Due to Violations of Pa. R.C.P. and Pa. 18 C.S.A.,

   Requesting the Court En Banc is DENIED;

2. A review of the Docket indicates Plaintiff filed her Amended Complaint on June

   27, 2019, along with a Certificate of Service by United States First Class Mail;

3. On June 29, 2019, Defendant filed Petition to Open/Strike Default Judgment with

   Verification and acknowledged receipt of Plaintiff's Amended Complaint on July

   1, 2019;

4. In said verified Petition, Defendant indicated he forwarded his Preliminary

   Objections on July 18, 2019, to the Clerk of Civil Records, which were docketed

   on July 22, 2019;

(Exhibit "L")

A.58

5. Plaintiff filed Praecipe for Judgment on July 18, 2019;

6. Plaintiff failed to certify to the Court that she sent Defendant a notice of intention to file the Praecipe of Judgment at least ten (10) days prior to the date of filing same;

7. On July 18, 2019, although lacking the required certification under Pa. R.C.P. 237.1(a)(2), Prothonotary entered Judgment for Plaintiff;

8. The Record indicates Plaintiff did not send a 10-day notice to Defendant, as required by Pa. R.C.P. 237.1(a)(2), which states, "No judgment of non pros for failure to file a complaint or by default for failure to plead shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered . . . (ii) in the case of judgment by default, after failure to plead to complaint and at least ten days prior to the date of the filing of the praecipe to the party against whom judgment is to be entered and to the party's attorney of record, if any.";

9. Plaintiff did not file an Answer to Defendant's June 29, 2019, Petition;

10. Pa.R.C.P No. 206.4.(a)(2) states, "[a] judgment shall be stricken without issuance of a rule to show cause when there is a defect on the face of the record that constitutes a ground for striking a default judgment.";

11. Plaintiff shall now have twenty (20) days from the date of this Order to file a response to the Preliminary Objections;

(Exhibit "1.")      A.59.

12. All prior Orders of the Court not inconsistent herewith remain in full force and

effect.


**THE PROTHONOTARY IS HEREBY DIRECTED TO SERVE A COPY OF THIS ORDER ON ALL PARTIES PURSUANT TO PA.R.C.P. 236.**

BY THE COURT:

FRED A. PIERANTONI,     J.

**COPIES TO:**
Frederick W. Wright
1015 Chestnut Street, Suite 517
Philadelphia, PA 19107

Farida B. Rahman
53 Prescott Rd.
White Haven, PA 18661

(Exhibit "1")

A. 60

FARIDA B. RAHMAN        :      IN THE COURT OF COMMON PLEAS
                                :          OF LUZERNE COUNTY
                                :
                                :      CIVIL ACTION-LAW

              Plaintiff    :

      vs                         :

FRED WRIGHT           :    NO. 2015-410

             Defendant   :

## AMENDED ORDER

AND NOW, this ___27___ day of September, 2019, following receipt of Plaintiff's

Motion to Open and Strike Off Orders Dated August 19, 2019, and September 17, 2019,

filed on September 26, 2019, the order filed September 17, 2019, is hereby amended as

follows:

1. A review of the Docket indicated Plaintiff filed her Amended Complaint on June

    27, 2019, along with a Certificate of Service by United States First Class Mail;

2. Defendant acknowledged receipt of Plaintiff's Amended Complaint on July 1,

    2019;

3. Defendant indicated he forwarded his Preliminary Objections on July 18, 2019,

    which were docketed on July 22, 2019;

4. The Preliminary Objections filed to the Amended Complaint received on July 1,

    2019, were timely filed under Pa.R.C.P. No. 106 (b);

(A.5)

A. 61.

5. In accordance with the Orders dated August 19, 2019, and September 17, 2019, Plaintiff shall now have twenty (20) days from the date of this Order to file a response to the Preliminary Objections;

6. In all other respects not inconsistent herewith the September 17, 2019, Order remains in full force and effect.

THE PROTHONOTARY IS HEREBY DIRECTED TO SERVE A COPY OF THIS ORDER ON ALL PARTIES PURSUANT TO PA.R.C.P. 236.

BY THE COURT:

_____

FRED A. PIERANTONI,          J.

COPIES TO:
Frederick W. Wright
1015 Chestnut Street, Suite 517
Philadelphia, PA 19107

Farida B. Rahman
53 Prescott Rd.
White Haven, PA 18661

(A.6.)

A.62.

FARIDA B. RAHMAN          :          IN THE COURT OF COMMON PLEAS
                          :               OF LUZERNE COUNTY
                          :
                          :          CIVIL ACTION-LAW
              Plaintiff   :
                          :
       vs                 :
                          :
                          :
FRED WRIGHT               :     NO.  2015-410
                          :
              Defendant   :

## ORDER

AND NOW, this ___17___ day of September, 2019, in consideration of Plaintiff's <span>PROTHONOTARY LUZERNE COUNTY<br>FILED SEP 17 '19 PM2:35</span>
Emergency Motion, after review of the Record, it is hereby ORDERED and DECREED:

1. Defendant filed a Petition to Open/Strike Default Judgment on July 29, 2019.

2. Pa.R.C.P No. 206.4 (a)(2) states, "[a] judgment shall be stricken without issuance
   of a rule to show cause when there is a defect on the face of the record that
   constitutes a ground for striking a default judgment."

3. Plaintiff filed a Fourth Amended Complaint on July 1, 2019.

4. On July 18, 2019, Defendant filed Preliminary Objections, in accordance with
   Pa.R.C.P. No. 1017 and within twenty (20) days of service, as per Pa.R.C.P. No.
   1026, which directs every pleading subsequent to the Complaint shall be filed
   within twenty (20) days after service of the preceding pleading.     (A.42)

(Exhibit "A.7")     A.63

5. The Record indicates Plaintiff filed a Praecipe for Default Judgment on July 18, 2019, which was entered in contravention of Pa.R.C.P. No. 237.1.

6. Defendant's Emergency Motion is DENIED and DISMISSED.

**THE PROTHONOTARY IS HEREBY DIRECTED TO SERVE A COPY OF THIS ORDER ON ALL PARTIES PURSUANT TO PA.R.C.P. 236.**

BY THE COURT:

FRED A. PIERANTONI,            J.

**COPIES TO:**
Frederick W. Wright
1015 Chestnut Street, Suite 517
Philadelphia, PA 19107

Farida B. Rahman
53 Prescott Rd.
White Haven, PA 18661

(A.43.)

(Exhibit "A.7")

A.64°

PROTHONOTARY LUZERNE COUNTY
FILED NOV 14 '19 PM 1:26

FARIDA B. RAHMAN,
     Plaintiff,

    v.

FRED WRIGHT
     Defendant.

IN THE COURT OF COMMON PLEAS
OF LUZERNE COUNTY

CIVIL ACTION-LAW

NO. 2015-00410

## CERTIFICATE OF SERVICE

I, Farida B. Rahman, do hereby certify that on this day I served a true copy of this foregoing Motion, Brief in Support, all exhibits via U.S. First Class mail postage prepaid as follows:

Fred W. Wright (Frederick)
Wright Appellate Services LLC
1015 Chestnut Street, Suite 517
Philadelphia, PA. 19107

Dated: November 14, 2019

Respectfully Submitted,

Farida B. Rahman
653 Prescott Rd
White-Haven, PA. 18661

A.65.

FARIDA B. RAHMAN            : IN THE COURT OF COMMON PLEAS
          PLAINTIFF       :        OF LUZERNE COUNTY

VS.                        :        CIVIL DIVISION

FRED WRIGHT                 :

          DEFENDANT       :    NO. 410 OF 2015

### RULE TO SHOW CAUSE

AND NOW, this __18th__ day of ____Nov____, upon consideration

of the foregoing Petition/Motion, IT IS HEREBY ORDERED that a Rule is issued upon

the _Defendant_ to show cause why the relief requested in _The_ Petition/Motion

should not be granted.

RULE RETURNABLE and Argument to be held on:

DATE: ___Dec 30, 2019.___

TIME: ___930 Am___

PLACE: ___MAIN Court House___

_____

MovAnt To serve All PArties And File
A Certificate of service.

(Exhibit "3")  A·66

BY THE COURT:

("B.10")

_Michael A. Shversky_ _____

PROTHONOTARY LUZERNE COUNTY
FILED NOV 18 '19 Am 10:17

SEE: 201500410  12/20/2019  ORDER WITH RULE 236  Image: 1 of 1

PROTHONOTARY LUZERNE COUNTY
FILED DEC 20 '19 AM 10:36

IN THE COURT OF COMMON PLEAS
OF LUZERNE COUNTY

FARIDA B. RAHMAN,

Plaintiff                          CIVIL ACTION

v.                          NO. 410 OF 2015

FRED WRIGHT,

Defendant          Copies Mailed    12/23/2019

## ORDER

AND NOW, this 20th day of December, 2019, **IT IS HEREBY ORDERED AND DECREED** that the hearing scheduled for the Miscellaneous Court List on December 30, 2019 is rescheduled to **January 3, 2020 at 1:00 p.m. Third Floor, Luzerne County Courthouse, 200 North River Street, Wilkes-Barre, Pennsylvania 18711 before the Honorable Tina Polachek Gartley.**

The Prothonotary is directed to serve notice of the entry of this Order pursuant to Pa.R.C.P. 236.

BY THE COURT:

POLACHEK GARTLEY,                J.

Copies:
Frederick W. Wright
1015 Chestnut Street
Philadelphia, PA 19107

Farida Rahman
53 Prescott Rd.
White Haven, PA 18661

Court Administration

A: 66 (a)

(570) 825-1596
(570) 825-1593
(570) 825-1594

Fax (570) 825-6242
TDD (570) 825-1860



OFFICE OF COURT ADMINISTRATION

COURT OF COMMON PLEAS

LUZERNE COUNTY COURTHOUSE
200 NORTH RIVER STREET
WILKES-BARRE, PENNSYLVANIA 18711
August 26, 2019

FREDERICK W WRIGHT
1015 CHESTNUT STREET  STE 517
PHILADELPHIA  PA  19107

FARIDA B RAHMAN
53 PRESCOTT ROAD
WHITE HAVEN  PA  18661

RE:    FARIDA B. RAHMAN  V.  FRED WRIGHT
        NO.  410/15

Counsel:

    You are hereby notified that the **Preliminary Objection (filed on 7/22/19)** in the above-captioned matter has been **ASSIGNED** to **JUDGE RICHARD M. HUGHES III.**

    Please direct any and all correspondence **pertaining to the Preliminary Objection** to **JUDGE HUGHES.**

Very truly yours,

Michael A. Shucosky

MICHAEL A. SHUCOSKY ESQ.
DISTRICT COURT ADMINISTRATOR

A.67

MAS/gm
Judge Richard M. Hughes III

(Exhibit "A.3")

Phone  (570) 825-1596
       (570) 825-1593
       (570) 825-1594



Fax (570) 825-6242
TDD (570) 825-1860

OFFICE OF COURT ADMINISTRATION

COURT OF COMMON PLEAS

LUZERNE COUNTY COURTHOUSE
200 NORTH RIVER STREET
WILKES-BARRE, PENNSYLVANIA 18711

May 15, 2015

FARIDA B. RAHMAN
53 PRESCOTT ROAD
WHITE HAVEN  PA  18661

FREDERICK W. WRIGHT
1015 CHESTNUT STREET  STE. 517
PHILADELPHIA  PA  19107

RE:  FARIDA RAHMAN V. FREDERICK WRIGHT
     NO.  410/15

Counsel:

    You are hereby notified that the **PRELIMINARY OBJECTIONS (filed on 4/8/15 and 4/9/15)** in the above-captioned matter have been **ASSIGNED** to **JUDGE RICHARD M. HUGHES III.**

    Please direct any and all future correspondence **pertaining to the Preliminary Objections** to **JUDGE  HUGHES**.

                    Very truly yours,

                    MICHAEL A. SHUCOSKY, ESQ.
                    DISTRICT COURT ADMINISTRATOR

MAS/gm
Honorable Richard M. Hughes III

A·68·

FARIDA B. RAHMAN,
          Plaintiff.

          V.

FRED WRIGHT,
          Defendant.

IN THE COURT OF COMMON PLEAS

OF LUZERNE COUNTY

CIVIL ACTION - LAW

NO.   2015 - 00410

PROTHONOTARY LUZERNE COUNTY
FILED JAN 15 '20 PM3:53

PLAINTIFF'S  MOTION  REQUEST TO
JUDGE ET. AL., ALL ORDERS IN THIS CASE, FROM
AUGUST 19, 2019 TO JANUARY 06, 2020, SHOULD BE OPEN
AND STRIKE OFF, AND REQUESTING THE COURT EN BANC.

AND NOW, comes the Plaintiff, Farida B. Rahman, and requests this court Judge et. al., check, review all evidence, strike off all orders from August 19, 2019, to January 06, 2020, due to fraud avers as follows:

On August 19, 2019, Pierantoni J. entered and filed an order on the docket no. 2015-00410 at 9:12 AM, but failed to served the Plaintiff.

On August 19, 2019, Pierantoni J. failed to file an order on the docket no. 2019-05535, but at 11:40 AM only disposition sheet was filed, the Plaintiff was not served. To cover it up, several orders was entered, which should be strike off. Order dated October 24, 2019 was postmarked on October 26, 19. Pierantoni J. recused himself from said matters when he was served on November 14, 2019, but he did not filed nor served a formal recusal for the same reasons on paragraphs one, and two, above, to cover it up.

As a result the Plaintiff was before Motions Judge Dave Lupas on November 18, 2019, with all 39 pages, which was filed and served on November 14, 2019, with other orders as evidence, and "Rule To Show Cause" was issued on November 18,

A. 69.

2.

2019, but on January 03, 2020, Gartley J. failed to do her job as a judge. The Plaintiff was been discriminated, although she was truthful and the Defendant was not honest at all the entire time. Gartley J. was not honest and she cover up for the recusal judge, which will not good for any Plaintiff, who is not a white man.

Gartley J. did not have any problem when the Plaintiff pointed out that, more then one person said that he is the defendant at the hearings, which is wrong, and a violation of Pa. R. C. P.

Gartley J. was not honest when she wrote that this Court lacks jurisdiction to overturn or rescind orders. 42 Pa. C.S.A. § 5505 said trial court may open or vacate its order after 30 day period for vacating final orders has expired, see First Union Mortg. Corp. V. Frempong. 744 A.2d 327, Super 1999.

Gartley J. was not honest when she wrote a sitting court of Common Pleas judge can not be remove from his/her elected position. Anna J. was removed from her job where Pierantoni J. holds his office at this time and there were few other judges were removed from their elected position from the court of Common Pleas of Luzerne County, she ignored the truth.

At the hearing Gartley J. choose not to look at the hearing transcript of oral argument before Pierantoni, when the Plaintiff offered her. Gartley J. choose not to asked a copy of recusal record of Pierantoni J. from the next door Court Administration, and/or she could call the Pierantoni J. herself, but the Gartley J. choose to do nothing, to help others, only white man.

WHEREFORE, the Plaintiff respectfully requests to Judge Et. Al., review all evidence, open and strike off all orders from August 19, 2019, to January 06, 2020, due to fraud.

Dated: January 12, 2020.

Respectfully Submitted,

Faieda B. Rahman
53 Prescott Rd.
White Haven, PA. 18661
570-233-1520

A. 70

FARIDA. B. RAHMAN,
      Plaintiff,

V.

FRED WRIGHT,
      Defendant.

IN THE COURT OF COMMON PLEAS
OF LUZERNE COUNTY

CIVIL ACTION - LAW

NO. 2015- 00410

FILED JAN 15 20 PM3:58
PROTHONOTARY LUZERNE COUNTY

## PLAINTIFF'S BRIEF IN
## SUPPORT HER MOTION

AND NOW, comes the Plaintiff Farida B. Rahman, and files her brief in support her motion avers as follows:
on August 19, 2019 Pierantoni j., entered and filed an order on docket no. 2015-00410 at 9:12 AM, but failed to served the Plaintiff. This order was based on fraud and an unappeilable order; which should be open and strike off according to the law 42 Pa. C.S.A. § 5505. The Plaintiff filed and served her Motion, Brief in Support with Court, sounding in fraud on September 16, 2019, September 26, 2019, October 17, 2019, November 14, 2019, November 16, 2019, December 06, 2019, December 27, 2019, but the trial court failed to correct those orders entered based on fraud or on August 19, 2019. Pierantoni j., entered several orders to cover up his violations and on November 14, 2019, after he was served, he recused himself from said matter but he did not served nor filed a formal recusal to cover up his violations. There has been evidence showing suggestion of fraud or a breakdown in the courts operations, as a result on November 18, 2019 after the Plaintiff filed and served her Motions, Brief in Support before Honorable Dave Lupas j. and a "Rule To Show Cause" was issued, but on January 06, 2020 Gartley j., entered her order and

A. 71.

FARIDA B. RAHMAN,
      Plaintiff,

V.

FRED WRIGHT,
      Defendant,

IN THE COURT OF COMMON PLEAS
OF LUZERNE COUNTY

CIVIL ACTION – LAW

NO. 2015-00410

PROTHONOTARY LUZERNE COUNTY
FILED JAN 15 '20 PM3:39

## CERTIFICATE OF SERVICE

I, Farida B. Rahman, do hereby certify that on this day I served a true copy of this foregoing Motion, Brief, Rule To Show Cause via U.S. First Class mail postage prepaid as follows:

Frederick W. Wright,
Wright Appellate Services, L.L.C.
1015 Chestnut Street, Suite 517
Philadelphia, PA. 19107.

Respectfully Submitted,

Farida B. Rahman
FARIDA B. RAHMAN
58 Prescott Road
White Haven, PA-18661

Dated: January 15, 2020

A.72.

PROTHONOTARY LUZERNE COUNTY
FILED JAN 24 '20 PM 4:17

FARIDA B. RAHMAN,
   Plaintiff,

 V.

FRED WRIGHT,
   Defendant.

IN THE COURT OF COMMON PLEAS
OF LUZERNE COUNTY

CIVIL ACTION — LAW

No. 2015 - 00410

## CERTIFICATE OF SERVICE

I, Farida B. Rahman, do hereby certify that on this day I served a true copy of this foregoing Motion, Brief, Plate, via U.S. First Class mail postage prepaid as follows:

Frederick W. Wright
Wright Appellate Services, LLC.
1015 Chestnut Street, Suite 517
Philadelphia, PA. 19107.

Dated: January 15, 2020

Respectfully Submitted,
Farida B. Rahman
FARIDA B. RAHMAN
58 Prescott Road
White Haven, PA. 18661

A.73.

Proof of mailing PS Form 3817 see attached as exhibit "C"

```
              WILKES BARRE
             300 S MAIN ST
       WILKES BARRE, PA 18701-9990
              419260-0782
             (800) 275-8777
       01/15/2020 05:31 PM
```

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| CTOM - Individual | 1 | $1.45 | $1.45 |
| Domestic | | | |
| First-Class Mail@ | 1 | $1.45 | $1.45 |
| Large Envelope | | | |
| (Domestic) | | | |
| (PHILADELPHIA, PA 19107) | | | |
| (Weight:0 Lb 3.80 Oz) | | | |
| (Estimated Delivery Date) | | | |
| (Saturday 01/18/2020) | | | |

```
Total:                                    $2.90

                                          $2.90
Credit Card Remitd
   (Card Name:VISA)
   (Account #:XXXXXXXXXXX5826)
   (Approval #:01279A)
   (Transaction #:976)                    Chip)
   (AID:A0000000031010
   (AL:VISA CREDIT)
   (PIN:Not Required          CHASE VISA)

In a hurry? Self-service kiosks offer
quick and easy check-out. Any Retail
Associate can show you how.

         Preview your Mail
         Track your Packages
         Sign up for FREE @
         www.informeddelivery.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
      Thank you for your business.

     NOW HIRING - JOIN OUR TEAM!
     $15.00 to $18.62 per hour
         depending on position
   APPLY ONLINE at www.usps.com/careers
       Use Keyword Search
   "Type City of Interest within PA"
```

**UNITED STATES POSTAL SERVICE ®**

**Certificate Of Mailing**

This Certificate of Mailing provides evidence that mail has been presented to USPS® for mailing.
This form may be used for domestic and international mail.

From: Farida B. Rahman
53 Prescott Rd.
White Haven, PA 18661

To: Frederick W. Belakt
Wright Appellate Services L...
1015 Chestnut St Suite 5...
Philadelphia, PA 19107

PS Form 3817, April 2007 PSN 7530-02-000-9065

A. 74.

(Exhibit "C")

PROTHONOTARY LUZERNE COUNTY
FILED JAN 15 '20 PM 3:33

FARIDA B. RAHMAN,                    :   IN THE COURT OF COMMON PLEAS

        PLAINTIFF                    :        OF LUZERNE COUNTY

VS.                                  :        CIVIL DIVISION

                                     :

        DEFENDANT                    :   NO. 410 OF 2015
FRED WRIGHT

### RULE TO SHOW CAUSE

AND NOW, this 15 day of January 20 upon consideration

of the foregoing Petition/Motion, IT IS HEREBY ORDERED that a Rule is issued upon

the              to show cause why the relief requested in          Petition/Motion

should not be granted.

RULE RETURNABLE and Argument to be held on:

DATE:  MArch 2 2020

TIME:  930 Am.

PLACE:  200 N River St 3rd Fl
        Wilkes-Barre Pa 18701

BY THE COURT:

_Michael A. Shrcsby_
_____

A.75

PROTHONOTARY LUZERNE COUNTY
FILED JAN 24 '20 PM 4:19

FARIDA B. RAHMAN,                    IN THE COURT OF COMMON PLEAS
     Plaintiff                              OF LUZERNE COUNTY

   V.                                  CIVIL ACTION - LAW

FRED WRIGHT,
     Defendant.                          NO. 2015- 00410

### PLAINTIFF'S MOTION REQUEST TO JUDGE ET. AL., TO ORDER JUDGE FRED A. PIERANTONI, TO DISCLOSE HIS RECUSAL ON THE RECORD IMMEDIATELY.

AND NOW, comes the Plaintiff, Farida B. Rahman, and requests this Honorable Court Judge et. al., check, review all evidence, order Pierantoni J. to disclose his recusal on the record immediately avars as follows:

On August 19, 2019, Pierantoni J., entered and filed an order on the docket no. 2015-00410 at 9:12 AM, but failed to served the Plaintiff.

On August 19, 2019, Pierantoni J., failed to file an order on the docket no. 2019-05535, but at 11:40 AM only disposition sheet was filed. Plaintiff was not served.

To cover up his violations, Pierantoni J., entered several orders, and then on November 14, 2019, recused himself from my cases, but failed to filed and served a formal recusal.

WHEREFORE, the Plaintiff respectfully requests this Honorable Court Judge et al., Review all evidence, order Pierantoni J to disclose his recusal on the record immediately so another judge can handle this matter.

Respectfully Submitted,

Dated: January 17, 2020

Farida B. Rahman
53 Prescott Rd.
White Haven, PA. 18661

A. 76.

2.

make reasonable efforts to transfer the matter to
another judge as soon as practicable.

Comment (3) to Rule 2.7, addresses the issue of what information
a judge should disclose:

A judge should disclose on the record information
that the judge believes the parties or their lawyers
might reasonably consider relevent to a possible
motion for disqualification or recusal, even if
the judge believes there is no proper basis for disqualifica-
tion or recusal.

On November 14, 2019, after Pierantoni j, was ~~was~~ served,
he issued one memorandum for his recusal, but refused to give
a copy to the Plaintiff when she asked for a copy on January
15, 2020, in person. Pierantoni j, in violation of Pa.R.C.P.

WHEREFORE, the Plaintiff respectfully requests to this
Honorable Court Judge et.al. review all evidence, order
Pierantoni j, to disclose his recusal on the record immediately,
so that another judge can handle this matter. The Plaintiff
is requesting all costs because, there is no reason for a
judge to withhold orders from a Plaintiff to harm her case.

Dated: January 17, 2020.

Respectfully Submitted,

Farida B. Rahman
FARIDA B. RAHMAN
53 Prescott Rd.
White Haven, PA. 18661

A.77.

FARIDA B. RAHMAN,
     Plaintiff,

V.

FRED WRIGHT,
     Defendant.

IN THE COURT OF COMMON PLEAS
OF LUZERNE COUNTY

NO. 2015- 00410

## PLAINTIFF'S BRIEF IN SUPPORT

### HER MOTION

AND NOW, comes the Plaintiff Farida B. Rahman, and files her brief in support her motion avars as follows:

On August 19, 2019 Pierantoni J., entered and filed an order on docket no. 2015-00410 at 9:12 AM, but failed to served the Plaintiff. The order was based on fraud and an unappealable order, which should be open and strike off according to the law 42 Pa. C.S.A. §5505. The plaintiff filed and served her Motion, Brief in Support with Court, sounding in fraud on September 16, 2019, September 26, 2019, October 17, 2019, November 14, 2019, and 18 December 27, 2019, January 15, 2020, December 06, 2019.

Pierantoni J., entered several orders to cover up his violations, and on November 14 2019, after he was served, he recused himself from said matter, but failed to file and serve a formal recusal. On January 15, 2020, the Plaintiff asked for a copy of his recusal in person, but she was denied to receive a copy.

Rule 2.7 and 2.11 of the Pennsylvania Code "disqualification" and "Recusal" Decision Worksheet #7(a) provides:

If the judge is the only judge available to hear a matter requiring immediate judicial action, the judge must disclose on the record the basis for disqualification and

A.78

FARIDA B. RAHMAN,          IN THE COURT OF COMMON PLEAS
        Plaintiff,              OF LUZERNE COUNTY

    V.                       CIVIL ACTION~LAW

FRED  WRIGHT,
        Defendant.          NO.  2015-00410

<u>PLAINTIFF'S  BRIEF IN SUPPORT</u>
<u>HER REPLY IN OPPOSITION</u>

    AND Now Comes the Plaintiff Farida B. Rahman,
and files her Reply In Opposition To the Response Filed
By The Defendant on January 21,2020, avars as follows:
    The Plaintiff instituted an action for breach of
contract, fraud, deceit on January 15, 2015.
    The Defendant failed to take action within twenty
(20) days, after the Plaintiff filed and served the amended
complaint and NOTICE to the defendant on June 27,
2019. see attached as exhibit "1" (a) three pages time
stamped copy, total of fourteen (14) pages were filed on 6-27-19,
    On July 18, 2019, notice of entry of judgment
default was entered against the defendant.
    The Defendant filed his Petition on July 29, 2019,
the Plaintiff filed her reply on August 19, 2019. see attached
as exhibit "A.1", A.13, A.34, A.35, time stamped copy
with verification.
    On August 19, 2019 one order was filed by Judge, was not
served to the Plaintiff.
    The Defendant was using the Plaintiff for his meal
ticket only, he failed to do any work on her behalf since
2000. Record shows the Defendant failed to do proper work

                                        A.79,

2,

on her behalf the first civil action in Superior Court docket no. 1490 MDA 2000, order was entered by former judge of Luzerne County Court Ann H. Lokuta on August 1, 2000, docket no 1422-c-1999.

Several orders were entered in this case docket no 2015-00410 based on fraud, lies. On October 24, 2019 one order was entered, which was mailed on October 26, 2019, see attached as exhibit "2".

The Plaintiff filed and served her Motion, Brief in Support on November 14, 2019, and on November 18, 2019, and satisfy Honorable Dave Lupas, and "Rule to Show Cause" was issued on November 18, 2019, see attached as exhibit "B 10", Honorable Dave Lupas did not asked the Plaintiff filed nothing within twenty (20) days from the order dated October 23/24/26/27 2019.

The Plaintiff filed and served her Motion, Brief in Support with exhibits on December 06, 2019, see attached at exhibit "B", total of twelve (12) pages.

See attached as exhibit "B 13" certificate of mailing to the Defendant dated December 6, 2019, PS Form 3817 as a proof that the Defendant knew or should have known that his NOTICE IS based on fraud, lies. The Plaintiff is not require to file nothing within ten days, she said it on her MOTION filed and served on December 06, 2019.

A NOTCICE must be time stamped and filed with the Court, with proof of certificate of service time stamped, see attached as exhibit "1a", three pags.

The Defendant never filed such Notice with the Court on November 27, 2019, docket entry do not show nothing was filed either. Defendant's exhibit A", "B" both are based on fraud, lies, not valid.

A 80

3.

Rule 3283 Provides:

2.b. The person serving the petition shall file a return of service provided by Pa. R.C.P.

Rule 401.C. Provides:

The copy of the original process to be served upon the Plaintiff/Defendant shall be attested by the Prothonotary or certified by the Plaintiff to be a true copy.

the Plaintiff filed her Motion with the Court and served on December 6, 2019, see attache as exhibit "B", that the Defendant is fraud, lie to sent a ten (10) day Notice see on B.9, but he filed a fraud, lie Praecipe to the Court to get a judgment, which should be strike off.

The Defendant filed his response after twenty (20) days, which is late and full of lies.

WHEREFOR, the reasons stated above, the Plaintiff, Farida B. Rahman, respectfully requests this Honorable Court deny the Response filed by the Defendant on January 21, 2020, the Plaintiff request that the Defendant should be responsible for all cost for this action, sanctions should be imposed upon the Defendant for violations, and any other relief this court may deem proper and just.

Dated: January 31, 2020.

Respectfully Submitted,

Farida B. Rahman
53 Prescott Rd.
White Haven, PA 18661
570-233-1520      Plaintiff

A.81,

FARIDA B. RAHMAN,
       Plaintiff,

     V.

FRED WRIGHT,
       Defendant.

IN THE COURT OF COMMON PLEAS
OF LUZERNE COUNTY

CIVIL ACTION-LAW

NO. 2015- 00410

## PLAINTIFF'S REPLY IN OPPOSITION
## TO THE RESPONSE FILED ON JANUARY 21, 2020,
## BY THE DEFENDANT

AND NOW, comes the Plaintiff, Farida B. Rahman, and respectfully requests this Honorable Court to deny the Petition filed by the Defendant on January 21, 2020, due to fraud, deceive, breach of contract, late filing, unethical conducts areas as follows:

1. Admitted in part, for further response, the instant action was brought by way of, a, breach of contract, b, fraud, deceive.

2. Denied, the Defendant filed his preliminary objection on July 22, 2018, forwarded for filing is not same as receive a credit, which is unethical to deceive the regular people.

3. Admitted, because the Defendant failed to file his response within twenty (20) days, from the service of the NOTICE.

4. Denied. The Defendant did not show for the oral argument. The Order dated October 24, 2019, was mailed on October 26, 2019, and order was based on fraud, lie. The Plaintiff filed and served her Motion, Brief, on November, 14, 2019, and November 18, 2019 before Honorable Dave Lupas, notified the court, "Rule To Show Cause" was issued, she was not ordered by Honorable Dave Lupas to file anything within twenty (20) days, exhibit "A" by Defendant based on fraud, lie.

5. Denied. The Defendant failed to file a ten day notice with the Prothonotary on record to valid, no certificate of

A. 81 (a)

2.

service was not filed with the Prothonotary either, because his notice based on fraud, lie, nothing was found on the docket entry either. By further response, the Plaintiff filed and served, "To Impose Sanctions To The Defendant For Violations, Received Threat Via Mail" her Motion, Brief in Support on December 6, 2019, "Rule To Show Cause" was issued.

6. Denied. For further response, the Plaintiff was before Honorable Dave Lupas, "Rule To Show Cause" was issued, the Plaintiff was not ordered to file anything with twenty (20) days, because Honorable Dave Lupas review all record filed on November 14, 2019 and on November 18, 2019. "Rule To Show Cause" was issued about the order dated January 6, 2020 also.

7. Admitted in part. For further response this is a violation of Pa. R.C.P. to lie on the Praecipe for Judgment of Non Pros, because the defendant knew or should have known that the Plaintiff do not need to file nothing within ten (10) days with the court, she filed and served her Motion, Brief in Support on December 6, 2019.

8. Admitted in part, the Petition was based on fraud, lie.

9. Part of the Rule, admitted, but the defendant failed to follow the rules, Notice and Praecipe by defendant is fraud, lie. The defendant is 1st need to file a Tenday (10) Notice with the Prothonotary, with a certificate of service, nothing was filed with Prothonotary, nothing was found on the docket entry either.

10. Denied. The defendant is exhibit "A" and exhibit "B" based on fraud, lie, the envelope shows the defendant cheated on the envelope, paid 5¢ less, regular mail is .55 first class. No tenday (10) notice was filed with the court.

11. Denied. The defendant lied. The Plaintiff was before Dave Lupas on November 18, 2019, she satisy the court.

A. 81 (b)

3.

12. Denied. Any judgment entered based on fraud, lie must be strike off. Duckson v. Wee Wheelers, Inc. 620 A.2d 1206, 1209 (Pa Super. 1993) was reversed by the Superior Court of Pennsylvania, see attached as exhibit "B.14."

13. Denied. The Plaintiff satisfy the Court on November 18, 2019, "Rule To Show Cause" was issued.

14. Denied. For further response the defendant repeatedly filed nonsense, lies and filed his Petition after twenty (20) days.

15. Denied. The Plaintiff satisfy the Court on November 18, 2019, "Rule To Show Cause" was issued.

WHEREFORE, the reasons stated above, the Plaintiff, Farida B. Rahman, respectfully requests this Honorable Court deny the Response filed by the Defendant on January 21, 2020, the Defendant should be responsible for all costs for this action, sanctions should be imposed upon the Defendant for violations, and any other relief this Court may deem proper and just.

Dated: January 31, 2020

Respectfully Submitted,

Farida B. Rahman
FARIDA B. RAHMAN
53 Prescott Rd.
White Haven, PA. 18661
570-233-1520
Plaintiff

A. 81 C.